

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

TAM:DLB

October 17, 2012

Honorable E. Thomas Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722

    RE: <u>Smith v. Frederico</u>
        CV-12-4408 (ADS)(ETB)

Dear Judge Boyle:

    The undersigned respectfully submits this letter in response to your Honor's order dated October 10, 2012 with respect to a response to Plaintiff's motion for a preliminary injunction. By way of background, the undersigned wrote to Plaintiff's counsel on September 28, 2012 and advised counsel that on the date of the incident alleged in the complaint, defendant Detective Robert Trotta ("Det. Trotta") was a member of a federal task force with the Federal Bureau of Investigation ("FBI"). A copy of the September 28, 2012 letter is attached hereto. The undersigned further advised Plaintiff's counsel that as a member of a federal task force, Det. Trotta is considered a federal employee for the purposes of this action. <u>See</u> <u>Aikman v. County of Westchester</u>, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010)("[S]tate and local law enforcement officers designated as federal task force members are treated as federal employees for the purposes of any federal tort liability statute…Courts within this Circuit have interpreted [5 U.S.C.] § 3374(c) to extend to civil rights actions, and consequently have treated deputized officers as federal employees for purposes of such actions."). Accordingly, service of the complaint must be in compliance with Fed. R. Civ. P. 4(i)(3). To date, the United States has not been served.

    Plaintiff's counsel has advised the undersigned that service has been properly made due to his understanding that Det. Trotta was employed by the Suffolk County Police Department ("SCPD"). A copy of counsel's letter dated October 9, 2012 is attached hereto. As indicated above, this is not correct. Further, before this Office can answer or otherwise move with respect to the complaint, Det. Trotta's request for representation must be approved by the Department of Justice. This request is pending. Notwithstanding Plaintiff's intention to seek a default

judgment, the time within which an answer is due from Det. Trotta, a federal defendant, has not yet expired.[1]

## A. Plaintiff's Request for a Preliminary Injunction

Until a request for representation is approved, the United States cannot respond on Det. Trotta's behalf. Accordingly, the United States respectfully requests that the time to respond to the motion for a preliminary injunction be extended until the representation request is approved.

However, it is noted that the Plaintiff's claims are unlikely to be successful on the merits and his request for a preliminary injunction should be denied. Plaintiff was in possession of 2100 cartons[2] of contraband cigarettes in violation of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq. Plaintiff seeks a preliminary injunction against both defendants seeking an accounting and return of property, namely the untaxed cigarettes and approximately $35,000 in currency. Plaintiff seeks a preliminary injunction with respect to each and every count in the complaint. Plaintiff also seeks to have this Court declare that federal and state laws are inapplicable on the Shinnecock Indian Reservation. See Motion for Preliminary Injunction at ¶ 12.

As the Court is aware, "[i]n general, to secure a preliminary injunction, the moving party must demonstrate: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. A party moving for a mandatory injunction that alters the status quo by commanding a positive act must meet a higher standard, however. That is, in addition to demonstrating irreparable harm, [t]he moving party must make a clear or substantial showing of a likelihood of success on the merits, a standard especially appropriate when a preliminary injunction is sought against government." D.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006)(internal citations and quotations omitted).

Initially, it is noted that there is no private right of action with regard to causes of action under the Indian Religious Freedom Act of 1978, see Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 455 (1988), or the Fort Albany Treaty of 1664. See Smith v. Spitzer, 814 N.Y.S. 2d 338, 340 (3rd Dep't 2006). With respect to the latter case, Plaintiff and his counsel brought the action and are aware that there is no private right of action available under the Fort Albany Treaty of 1664.

In sum and substance, Plaintiff alleges that he was transporting a "legitimate and documented load of cigarettes purchased by Shinnecock Smoke Shop from Palmetto Wholesale Tobacco Distributors in South Carolina." See Complaint at ¶ 2. Plaintiff is the owner of both the Shinnecock Smoke Shop and Palmetto Wholesale Distributors. Plaintiff acknowledged that the cigarettes he was transporting did not contain tax stamps. Id. at ¶ 26, 27. However, Plaintiff maintains that he was exempted from the provisions of New York State Tax Law § 471 that

---

[1] Defendant Vincent Frederico was not a task force member on the date of the incident alleged in the complaint. He is represented by the Suffolk County Attorney's Office.

[2] 2100 cartons are equal to 420,000 cigarettes.

require tax stamps because he claims to be a "common carrier." Id. at 41. Plaintiff also maintains that he had a proper bill of lading and was thus, exempt from the provisions of state tax law. Id. at ¶ 29. Plaintiff's claims are without merit.

### i. Statutory Framework

New York State Tax Law provides: "There is hereby imposed and shall be paid a tax on all cigarettes possessed in the state by any person for sale, except that no tax shall be imposed on cigarettes sold under such circumstances that this state is without power to impose such tax, including sales to qualified Indians for their own use and consumption on their nations' or tribes' qualified reservation… .The tax imposed by this section is imposed on all cigarettes sold on an Indian reservation to non-members of the Indian nation or tribe and to non-Indians and evidence of such tax shall be by means of an affixed cigarette tax stamp." N.Y. Tax Law § 471(1); see also United States v. Morrison, 686 F.3d 94, 99 (2d Cir. 2012).

"The CCTA makes it unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute or purchase contraband cigarettes. Contraband cigarettes are defined as a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes." City of New York v. Golden Feather Smoke Shop, Inc., 2011 U.S. Dist. LEXIS 149748, at *12-*13 (E.D.N.Y. Dec. 30, 2011)(Amon,J.); see also 18 U.S.C. § 2342(a). The Second Circuit has held that the CCTA is applicable to Native Americans engaging in "large-scale cigarette bootlegging involving the wholesale distribution of untaxed cigarettes destined for off-reservation sales." Morrison, 686 F.3d at 106.

A "common carrier" is defined as "any person (other than a local messenger service or the United States Postal Service) that holds itself out to the general public as a provider for hire of the transportation by water, land, or air of merchandise (regardless of whether the person actually operates the vessel, vehicle, or aircraft by which the transportation is provided) between a port or place and a port or place in the United States." See 15 U.S.C. § 375(3). Pursuant to 18 U.S.C. § 2341(B), "a proper bill of lading or freight bill… states the quantity, source, and destination of such cigarettes."

Here, Plaintiff purportedly "bought" cigarettes from his own company in South Carolina and transported the untaxed cigarettes to New York State in a Budget rental truck. Plaintiff is not a common carrier as that term is defined above. Even assuming Plaintiff could establish that he was a common carrier to excuse his possession of untaxed cigarettes, the purported bill of lading possessed by Plaintiff did not comply with the statutory requirements. The bill of lading identified the cargo as "3 Pallets, 15 pieces and Net Weight 700." See Plaintiff's Motion for Preliminary Injunction, Exhibit "A"

Plaintiff was admittedly in possession of contraband cigarettes in violation of the CCTA. Plaintiff fails to make a clear or substantial showing of a likelihood of success on the merits and the request for a preliminary injunction should be denied.

For the reasons discussed above, the United States respectfully requests additional time to respond to the motion for a preliminary injunction.

                                          Very truly yours,
                                          LORETTA E. LYNCH
                                          UNITED STATES ATTORNEY

                            BY:    /s/Diane C. Leonardo
                                          Diane C. Leonardo
                                          Assistant U.S. Attorney
                                          (631) 715-7854

To: Counsel by ECF