UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
                              .
Jonathan Smith,               .        Docket #CV-12-4408 (ADS)
                              .
        Plaintiff,            .
                              .        United States Courthouse
            V.                .        Central Islip, New York
                              .        October 19, 2012
Vincent Fredrico,             .        12:04 p.m.
                              .
        Defendant.            .
. . . . . . . . . . . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE E. THOMAS BOYLE
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiff:              Scott M. Moore, Esq.
                                Moore International Law Office
                                45 Rockefeller Plaza-Ste. 2000
                                New York, NY 10111

For The Defendant:              Chris P. Termini, Esq.
                                Assistant County Attorney
                                Office of the Suffolk
                                County Attorney
                                H. Lee Dennison Building
                                100 Veterans Memorial Highway
                                Hauppauge, NY 11788

For Robert Trotta:              Diane Leonardo, Esq.
                                United States Attorney's Office
                                Eastern District of New York
                                601 Federal Plaza
                                Central Islip, NY 11722

Audio Operator:

Transcribing Firm:                  Writer's Cramp, Inc.
                                     6 Norton Rd.
                                     Monmouth Jct., NJ 08852
                                     732-329-0191

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1          THE COURT:  Recording yet?

2      (Pause in proceedings)

3          MR. MOORE:  Good day, Your Honor.

4          THE COURT:  Hello.

5          MR. MOORE:  Scott Moore, appearing on behalf of the

6  Plaintiff, Jonathan Smith.

7          MR. TERMINI:  For Defendant Vincent Fredrico, Office

8  of Dennis M. Cohen, Suffolk County Attorney by Assistant

9  County Attorney Chris Termini.

10          MS. LEONARDO:  And for Detective Trotta, at some

11  point Your Honor, Diane Leonardo from the United States

12  Attorney's Office.  And with me with Your Honor's permission

13  is one of our interns, Bailey Ensay (phonetic).

14          THE COURT:  Surely.

15          MS. LEONARDO:  Thank you.

16          THE COURT:  When was the Government served in this

17  case?  Maybe I should address that to Mr. Moore.  I'm

18  concerned about the Government appearing in this case under

19  the circumstances that you've outlined in your prior

20  correspondence, namely that you haven't received authorization

21  to represent Mr. Trotta.

22          MS. LEONARDO:  That is correct, Your Honor.

23          THE COURT:  You haven't received it?

24          MS. LEONARDO:  Not as of yet, Your Honor.  I -- my

25  understanding is Detective Trotta was served in the beginning

1  of September.  I found out about it through Mr. Termini, from
2  the Assistant County Attorney.
3           MR. MOORE:  August 7th, excuse me.  Service.
4           MS. LEONARDO:  Well the complaint was filed in
5  September, I thought.
6           THE COURT:  I've got August 4th for the Plaintiff's
7  Motion for Preliminary Injunction.  Now was that the same date
8  as the complaint, in the summons and complaint?
9           MS. LEONARDO:  Yeah, I believe the summons was --
10  the complaint --
11           THE COURT:  What --
12           MS. LEONARDO:  -- was filed in September.
13           THE COURT:  Whatever, it's some time ago.  I'd be
14  hard pressed to say that the Government hasn't had an adequate
15  opportunity --
16           MS. LEONARDO:  Well --
17           THE COURT:  -- to obtain any approval.
18           MS. LEONARDO:  Well, Your Honor, we -- well we did.
19  After I was contacted by Mr. Termini, which I believe was
20  shortly before they filed an answer for the other Defendant,
21  Officer Fredrico, I did set into motion the process to get the
22  representation.  What that entails, and I don't know if Your
23  Honor is aware, the -- Detective Trotta has been a task force
24  officer since approximately 2003, 2004.  And what he needed to
25  do was then contact FBI counsel through the FBI office here.

1   That has been done, I spoke to FBI counsel this morning, they
2   are in the process of writing the recommendation for
3   representation, and then that unfortunately has to go to
4   Constitutional Torts Branch, also in Washington, D.C.  I did,
5   Your Honor, after I spoke to Mr. Termini with regard to
6   Detective Trotta's status, I did send a letter to counsel for
7   the Plaintiff explaining that he was a federal task officer
8   acting in that capacity at the time of the incidences in the
9   complaint and that the Government would also have to be
10  served.  Counsel apparently took exception to that insisting
11  that Detective Trotta was a Suffolk County employee at that
12  time.  As a task force officer, the United States still has to
13  be served, and we have not been served yet.

14          THE COURT:  Can you represent Mr. Trotta under these
15  circumstances?

16          MR. TERMINI:  The problem is Judge, not having seen
17  the terms of the representation, I don't know if I'd put an
18  answer in, I'd comprise the representation and get disclaimed
19  by the Government.  I've done a lot of insurance work through
20  the years, Your Honor, and every time there's an issue of
21  representation, if you inadvertently appear for a person, and
22  it turns out that it's not your obligation or duty or should
23  not be appearing, the other company may very well decide that
24  you've taken steps that have undermined their defense in some
25  way, shape, or form.  And then I'm faced with a disclaimer.

1    So the problem I have is A) I don't have access to Government

2    records, and I don't feel comfortable speaking to Trotta

3    regarding his role with the Government.

4            THE COURT:  Your are aware that counsel has filed a

5    Motion for Judgement by Default?

6            MR. TERMINI:  I'm very aware of everything.  I

7    immediately called the Assistant that's speaking before you

8    now, alerting them in case they were not getting the same

9    balances I was getting.  I have -- I mean, to just link his

10   name on to prevent a default, am I willing to do that?  Sure,

11   I'm willing to do that, I don't want a default.  But I'm very

12   concerned about compromising his defense, nor can I speak to

13   him about his role with the Government and what he was doing

14   that day on behalf of the Government.  It's beyond Suffolk

15   County's purview, his relationship, why he was there, what he

16   did, why he did, what role he was playing.  So I could -- it's

17   almost like a blind answer with respect to that Judge.

18           THE COURT:  All right.  Ordinarily this wouldn't be

19   a difficult issue in all likelihood and -- let me hear first

20   from the Plaintiff's position with regard to this

21   representation issue.

22           MR. MOORE:  Thank you, Your Honor.  We outline our

23   position in a filing yesterday and replied to the Assistant's

24   letter.  And the position is clear and flatly set forth that

25   the complaint, allegations, and all the evidence and support

1    are that Detective Trotta is named individually and as an

2    employee, as a detective with the Suffolk County Police

3    Department.  And there is no basis for the Government's

4    position that he is a federal Defendant and so we do now and

5    will continue to vigorously oppose the characterization of

6    Detective Trotta as a federal Defendant.

7              MR. TERMINI:  He's flat out wrong Judge.

8              THE COURT:  What --

9              MR. TERMINI:  I hate to say that --

10             THE COURT:  See --

11             MR. TERMINI:  He's just --

12             THE COURT:  I would --

13             MR. TERMINI:  -- flat out wrong.

14             THE COURT:  Ideally I would like that issue to be

15    litigated with him represented by the U.S. Attorney's Office

16    as they intend to do.  Do you have any objection to waiting

17    for that approval and we can try to nail that approval process

18    down and give you a deadline?  What escalates this issue is

19    the request for a preliminary injunction, obviously.  And

20    ordinarily, I don't think it would be quite the issue that it

21    is because of that pending motion and you're entitled to a

22    decision of course.  But if the issue in this case is whether

23    Mr. Trotta can be represented by the U.S. Attorney's Office, I

24    would prefer to have the U.S. Attorney's Office be given an

25    opportunity to be heard in resolving any issue like that.

1          MR. MOORE:  Your Honor, we would ask that a date

2     certain be set because the items that are sought to be

3     returned are perishable and will become stale and have no

4     value.

5          THE COURT:  Sure.

6          MR. MOORE:  Over time.

7          THE COURT:  Ms. Beckman, you're going to have to

8     expedite this case.  It looks, just reading from the Default

9     Judgement I think that request I believe counsel used, let me

10     get it out, I think it was the 4th or the 7th.  This says

11     September 7th, I'm reading from Mr. Moore's affidavit in

12     support of the Motion for Default Judgement and this is dated

13     October 17th, 2012 when this application was made.  But it

14     indicates Trotta was served with a summons verified complaint

15     and motions for preliminary injunction on September 7th.  So

16     the answer was due, according to counsels calculation, before

17     21 days.  Your procedure, while it may a bureaucratic delay, I

18     don't find it very persuasive as being something that should

19     indefinitely delay someone's entitlement to take quick hearing

20     with regard to their request for a preliminary injunction.

21          MS. LEONARDO:  Your Honor, with regard to the time

22     within which to answer as a federal employee would be 60 days.

23     So that time has not expired yet within which to answer, that

24     would be November 7th, number one.  Number two, and I cited a

25     case for Your Honor, I don't have the complete cite with me in

**1**   my letter, <u>Aikman</u> I believe it was, where there was a similar

**2**   situation where it was a county officer was being sued, the

**3**   Government stepped in and, you know, said he was a federal

**4**   task officer and the Court agreed with the Government that the

**5**   United States also has to have been served which, I explained

**6**   to counsel in my letter of September 28th, that the United

**7**   States also has to be served.  Until we are served, the time

**8**   within which to answer has not even begun.

**9**          MR. MOORE:  Your Honor, we responded to that case in

**10**  our reply yesterday.

**11**         THE COURT:  Okay, are both sides willing to submit

**12**  that?  Do you have any objection to their limited appearance

**13**  for this purpose?  And if both sides consent, I will decide

**14**  that issue based on the submissions by the parties.  You want

**15**  to do that or do you want to give them an opportunity to --

**16**         MR. MOORE:  This -- the Court's --

**17**         THE COURT:  -- file a formal appearance?

**18**         MR. MOORE:  The Court's suggestion is, as I

**19**  understand it, you'll be making a ruling on this issue based

**20**  upon the submissions to date and we'll wait for that to come?

**21**         THE COURT:  That's correct.  I mean if counsel wants

**22**  --

**23**         MR. MOORE:  That's fine --

**24**         THE COURT:  -- to submit --

**25**         MR. MOORE:  -- with Plaintiff.

1          THE COURT:  -- you know, additional --

2          MR. MOORE:  That's fine with Plaintiff.

3          THE COURT:  I'd be glad to schedule something

4     additional, but if your --

5          MS. LEONARDO:  Well, Your Honor, I don't think that

6     our request for representation is not gonna take much longer.

7     As I indicated, I spoke to FBI general counsel this morning

8     and they need to send their recommendation on to the

9     Constitutional Torts Branch.  I can try to expedite that

10    process, but until that happens I really can't appear.

11         THE COURT:  I agree.

12         MR. MOORE:  Your Honor, we're going to need a ruling

13    on this issue anyway, so I think this -- the Court's

14    suggestion of how to do it, I think is a good one.

15         THE COURT:  Well, theoretically I don't think I can

16    even consider their, unless you have no objection, I don't --

17    I can't consider their submission if they don't represent

18    anybody.

19         MR. MOORE:  I understand, and that is our position

20    and we believe that's the correct position.

21         THE COURT:  Can you get some kind of a determination

22    by a week from today?

23         MS. LEONARDO:  I cannot get it authorized today,

24    Your Honor.

25         THE COURT:  I said a week from today.

1          MS. LEONARDO:  A week from today.

2          THE COURT:  26th.

3          MS. LEONARDO:  I can probably do it within two weeks

4    from today.

5          MR. MOORE:  One week seems reasonable, Your Honor,

6    given the length of time the Government's had.

7          THE COURT:  Do what you can do, you're pushing the

8    envelope here in my opinion as far as making any appearance.

9    I mean I -- without opining with regard to, you know, your 60

10   days or service on the Government or anything else, at this

11   point you really don't have a basis for appearing.

12         MS. LEONARDO:  Your Honor, I can see if I can get an

13   answer from --

14         THE COURT:  The --

15         MS. LEONARDO:  -- Washington within a week.

16         THE COURT:  The 26th.  Now, what I want to do is

17   talk to you folks on -- do you have any objection to Ms.

18   Beckman participating in this conference, because what I want

19   to do is address your preliminary injunction request.

20         MR. MOORE:  Ms. --

21         THE COURT:  If you have an objection then she can't

22   be heard.

23         MR. MOORE:  Our position is the Government should

24   not be heard as outlined in our --

25         THE COURT:  All right --

1          MR. MOORE:  -- reply yesterday.

2          THE COURT:  Mr. Termini, I'll leave it up to you.

3     Where -- I have a motion for a preliminary injunction and I've

4     reviewed all the papers.  What I need some input from you

5     folks on is whether or not there are factual issues here that

6     have to be explored, in which case I would set it down for an

7     evidentiary hearing or whether this is something that could be

8     done based on the papers.

9          MR. TERMINI:  My understanding is that this seizure

10    is part of a federal criminal investigation, Judge.  And to --

11    and that's one of the reasons I've limited my appearance to

12    where it is and stated that we're a custodian of the property

13    to date.  And I know the Government is in the process --

14         THE COURT:  I don't think your mic --

15         MR. TERMINI:  -- and I --

16         THE COURT:  -- is on.

17         MR. TERMINI:  It is, I --

18         THE COURT:  Is it?  Yeah --

19         MR. TERMINI:  -- guess I'm not talking --

20         THE COURT:  Good.

21         MR. TERMINI:  -- into the mic.  It's one of the

22    reasons I put in a limited appearance.  I know, now know, that

23    this is part -- this seizure is part of a federal criminal

24    investigation.  I now know that the Government has an interest

25    in picking up the property.  We'd never had that interest in

1   prosecuting, but the Government has had interest in

2   prosecuting.  I now know that these cigarettes, despite

3   counsels assertions, a per se contraband in and of itself.  So

4   I'm left with a dilemma as far as that goes, I don't know

5   about the money, but I know that the cigarettes are per se

6   contraband.  I, as a custodian that doesn't have a proprietary

7   interest other than holding it as a custodian, I don't know

8   it's my place to make all these legal arguments considering

9   whether the cigarettes are contraband, 'cause I was told,

10  "they'd pick it up, maybe we'll arrest him as soon as he picks

11  it up.  That's a possibility 'cause they're contraband."  So

12  I'm leery of doing too much 'cause I'm limited in what I can

13  and can't do with respect to the subject nature of the

14  preliminary injunction.  I'm not talking about the rest of the

15  case, which has to do with the stop, the seizure, search, and

16  all that.  So I know the Government has those interests and I

17  know that they should be heard in this matter.  I take the

18  point of view that what I have been told, they have more time

19  to even answer.  I take the point of view that since they have

20  the interest in the property, and it's part of their criminal

21  investigation, they should be heard on this issue in it's

22  entirety for the Court.  It's last thing, you know, if the

23  Court were to rule on my interpretation alone of whether this

24  property, namely the cigarettes, are contraband or not, and

25  wrongly interpret what I've said and maybe turning over

1    improperly these cigarettes to begin with.  That's -- if I

2    have an interest, it's an interest in whether contraband

3    cigarettes should be turned over or not --

4              THE COURT:  Who has --

5              MR. TERMINI:  -- period.

6              THE COURT:  Who has possession of these cigarettes

7    right now?

8              MR. TERMINI:  As of yesterday, it was my belief we

9    still had the actual three pallets of cigarettes and 36,000

10   and change in money, in currency.  We have it, the

11   Government's made a request to pick up that from our property

12   clerk.  At this point, there's a procedure that must be

13   followed for them -- for that property to be turned over.

14   Nobody can just walk in and get it from the property clerk,

15   and I'm part of that process.

16             THE COURT:  If and when the Government takes

17   possession of those cigarettes, do you have any interest in

18   this, any client --

19             MR. TERMINI:  I --

20             THE COURT:  -- to represent in this proceeding?

21             MR. TERMINI:  The only interest I have is --

22   actually I have no proprietary interest once it's picked up,

23   but I really don't have a proprietary interest at this point.

24   It's I'm a mere custodian.  It's -- and we're not claiming we

25   are gonna use it any shape, way shape or form.  Or we're gonna

**1**   dispose of it, especially now that we have a request from the

**2**   Government.

**3**       But, I think I have an obligation as someone who works

**4**   for the county, and someone that works in conjunction with the

**5**   cigarettes, and I have other cases before Chief Judge Amon

**6**   regarding cigarettes and untaxed cigarettes on reservations.

**7**   I think I have an obligation to point out to the Court my view

**8**   of these cigarettes, especially since in every one of these

**9**   cases that I'm familiar with, the Defendant's Indian either

**10**  re-salers or wholesalers from the reservation, either selling

**11**  from the reservation or getting or supplying the reservation

**12**  have all agreed, that by virtue of the amendment of the tax

**13**  law in 2010, there can be no cigarettes on reservations that

**14**  are un-stamped.  They must have a tax stamp on, so that tells

**15**  me, unless there were arrangements made, as I pointed out in

**16**  my letter, with the state, that who is responsible for the

**17**  payment of taxes, and that they were gonna procure the tax

**18**  stamps, then it's contraband.  And I have not seen any proof

**19**  that that was done.  So my point of view, yes, it's contraband

**20**  and I have an obligation to tell the Court in my opinion it's

**21**  contraband.  And I'm sure the Government's gonna back that up

**22**  and probably go beyond what I say, but -- and this is really

**23**  based on what I'm being told in other cases.  They've all

**24**  agreed, all the Indian reservation dealers and wholesalers all

**25**  said the same thing, by virtue of the new tax law, we all

1    agree that all cigarettes on reservations must have tax stamps

2    on them.  They all say the same thing.  Plaintiff admits this

3    was going to the reservation by virtue of their papers.  If

4    it's going to the reservation and they have un-stamped

5    cigarettes, very simply they've to had made prior arrangements

6    with the state tax commission.  I don't see it alleged in any

7    of the papers, so I as an attorney, was dealt with this issue,

8    have an obligation to tell this Court, especially in side

9    proceedings before Chief Judge Amon, I was just on the phone

10   with her on one of our Plaintiff cases against an Indian

11   wholesaler regarding this very issue.  I have an obligation to

12   say something, so I said it in my letter, but I think the

13   burden of this is not my burden, it's really the Government's

14   burden at least as to those items.

15          THE COURT:  Your appearance in this case is on

16   behalf of Vincent Fredrico.

17          MR. TERMINI:  He was called to assist, and what

18   happened --

19          THE COURT:  So he assisted Trotta, but he wasn't a

20   member of the task --

21          MR. TERMINI:  No.

22          THE COURT:  -- force?

23          MR. TERMINI:  No.

24          THE COURT:  Is that the situation?

25          MR. TERMINI:  That's correct, Judge.  He -- what --

1   Trotta called for an assist.  And since they had information

2   it was gonna be in and around that precinct, he called that

3   precinct.  There's a lot more than Plaintiff knows and so he

4   was called as an assist, so he was not part of the federal

5   task force.  I have an obligation to answer for him, which we

6   have done.  Okay, and that's where it stands in terms of

7   representation.

8               THE COURT:  Do you see any factual issues here that

9   would warrant an evidentiary hearing?

10              MR. TERMINI:  No, I think this is an issue of law.

11  I really do, Judge, I mean as far as what happened, these were

12  seized, that's part of his rest of his law suit.

13              THE COURT:  Mr. Moore submitted a copy of the, what

14  I guess is, a bill of lading in this case that itemized the

15  cigarettes and I thought I had read representations that there

16  was no --

17              MR. TERMINI:  Well --

18              THE COURT:  -- adequate bill of lading.

19              MR. TERMINI:  No, he -- what he had in his complaint

20  was the bill of lading which was that definitive.  He now --

21              THE COURT:  Which was not --

22              MR. TERMINI:  -- has submitted.

23              THE COURT:  I didn't hear you.

24              MR. TERMINI:  He had a bill of lading that wasn't

25  very particularized.  He's now submitted invoices which I've

1   seen for the first time.  And it does specify the amount and

2   the price he allegedly paid.

3           THE COURT:  Is there a distinction between invoices

4   and a bill of lading in the --

5           MR. TERMINI:  Well I don't know --

6           THE COURT:  -- county's position?

7           MR. TERMINI:  -- if there is or isn't.  I would rely

8   on what I said, which is the rest of 471, I think I quoted,

9   which are the requirements of one entering into the state with

10  untaxed -- with no stamps on the cigarettes.  They must make

11  arrangements with the state tax commission.  And what's

12  lacking in both the documents presented by the Plaintiff is

13  who is gonna pay the tax.  They must assert who's paying the

14  tax and the rest of section deals with then speaking to the

15  state, making arrangements, possible inspections, 'cause the

16  state has a right to inspect all these items on the

17  reservation.  There can be no cigarettes on reservations

18  entering, I don't care how it enters, there can be no such

19  cigarettes any longer on the reservations that do not have

20  these tax stamps and next to the cigarettes.  If there are

21  such, they must make immediate arrangements with the state,

22  indicate who's paying it, and procure these tax stamps.  The

23  only exception is for personal consumption or personal Natives

24  on the reservation.  The amount of these cigarettes go far in

25  excess of any possible personal consumption and I don't think

1    the Plaintiff is seriously making the claim that all these

2    cigarettes are for personal consumption on the reservation.

3         THE COURT:  So, to get back to my --

4         MR. TERMINI:  Yeah.

5         THE COURT:  -- concern.  Regardless of whether the

6    bill of lading is adequate or not, it's really an academic

7    question in light of the fact that your position is that that

8    stamp is required.

9         MR. TERMINI:  It's required and there has to be

10   notification with the state either before entry into the state

11   or immediately after entry into the state.  The state must

12   know about it and there must be arrangements made for the

13   payment of these -- of the stamps so the sales tax is paid.

14        THE COURT:  Is there any question here with regard

15   to that issue?

16        MR. TERMINI:  There's no allegation that they did

17   any of that.

18        THE COURT:  Oh.

19        MR. TERMINI:  And I've examined even the invoices.

20   There's nothing on the invoice what states who is responsible

21   and who is gonna pay for the state -- for the sales tax with

22   the state.  Doesn't exist, in the absence of that, he hasn't

23   complied with the tax law.  Having not complied with the tax

24   law, without even getting into to the CCTA, which is the

25   federal statute, it's not in compliance, it's illegal.

1          THE COURT:  Mr. Moore, would you like to be heard?

2          MR. MOORE:  Just briefly, Your Honor.  We would rely

3  on our papers for opposition to most of what my adversary has

4  said.  But something new has come up and that is that opposing

5  counsel has indicated the county intends to change custody of

6  the seized items and we would ask the Court to retain the

7  status quo and instruct the county to retain the seized

8  property until this case is resolved.  Thank you.

9          THE COURT:  Is that all you want to say?

10          MR. MOORE:  Yes, sir.

11          THE COURT:  I'm concerned with this issue of

12  representation and I'll tell you why.  In a strict legal

13  sense, in all likelihood I think the argument that probably

14  must prevail is that under these circumstances as we sit here

15  today, that the Government doesn't have any standing to be

16  heard.  On the other hand, the practicality of this issue is

17  that at some point or another I've been asked to issue a

18  report and recommendation.  And if it's to have any value at

19  all, I suspect that it would be greatly diminished if a

20  determination was made without the input of the Government in

21  the event that there was later determination that this whole

22  issue was decided without their input and they had been denied

23  an opportunity to be heard and they had been denied an

24  opportunity to make an appearance.  As a practical matter,

25  what concerns me is proceeding to any kind of an evidentiary

1    hearing at this point because I think that subsequent events

2    will probably impact on anything we do.  Do you care to

3    comment on that Mr. Moore?

4            MR. MOORE:  Yes, Your Honor.  The positions being

5    advanced by the Government are speculative.  And not even

6    supported by any piece of evidence such as occurred in the

7    Westchester County case that they cited in support.  And the

8    need for a preliminary injunction for a return of the product,

9    in particular that it will become of no value over time only

10   serves the interest of delay by my adversaries.  Even in the

11   event that the Government does file an appearance of

12   representation of Mr. Trotta, we will still need to, on our

13   side, put that ruling to the Court.  Because we -- it has many

14   ramifications and they're trying to make this a case that is

15   not and it's speculative.  And we -- so we would ask the Court

16   to weigh the interest of the Plaintiff in our favor for this

17   preliminary injunction.

18           THE COURT:  Would you care to address this issue

19   with regard to the need for an evidentiary hearing or whether

20   or not your request can be determined as a matter of law based

21   on papers.

22           MR. MOORE:  We're satisfied that the case can be

23   decided on as submitted to date including the fact that the

24   complaint is a verified complaint by Mr. Smith.

25           THE COURT:  And you've reviewed the answer in this

1  case and there are no disputed issues of material facts?

2        MR. MOORE:  Well the answer, as I read it, was not

3  too informative.  It just sort of left us to our pros and

4  there wasn't even admission that Mr. Fredrico is a police

5  officer so.

6        THE COURT:  Mr. Termini, you indicated you made a

7  limited appearance, I may not have picked that --

8        MR. TERMINI:  No --

9        THE COURT:  -- up.

10        MR. TERMINI:  I'm appearing fully for Fredrico.

11        THE COURT:  Oh, okay.

12        MR. TERMINI:  But if the Court were gonna issue a

13  default then I certainly am not gonna let Trotta hang --

14        THE COURT:  I wouldn't --

15        MR. TERMINI:  in the wind.

16        THE COURT:  --  it's not my prerogative, but I just

17  wanted to call it to the attention, you now, that --

18        MR. TERMINI:  Oh, I'm aware --

19        THE COURT:  -- there was that motion that was

20  pending against Mr. Trotta.

21        MR. TERMINI:  I'm aware, and I've taken whatever

22  steps, in my opinion, are the appropriate steps regarding all

23  of this.  And as I originally stated, I do not wish to

24  compromise in any way, shape, or form his defense.  And it

25  could have detrimental effects to the county because the

1  Government, if I put an answer in without consulting with

2  them, they could disclaim on that basis.

3      THE COURT:  All right.  What I'm going to do is put

4  this down for a week from today and I regret that you folks

5  are on a Friday schedule and I don't like to.  Please don't

6  consider this as any form of punishment, but I have a jury

7  trial set up all next week, we pick the jury on Monday and

8  we're starting first thing on Monday morning so I'm going to

9  be occupied with that during the week.  But what I'd like to

10  do is set up oral argument on the application in the hope that

11  the Government will be in a position to participate in this

12  proceeding by that date.  I'm going to set it up for 3:30 in

13  the afternoon and we'll just break early if we haven't

14  completed that jury trial.

15      MR. MOORE:  Pardon me, Your Honor, but I expect to

16  be out of the state next week.

17      THE COURT:  Do you?

18      (The Court and the clerk confer)

19      MR. TERMINI:  If we're going into the following week

20  Judge, I just wanted to say Friday the 2nd is no good cause

21  I'm out of state.  I'm out state on November 2.

22      THE COURT:  Actually I have back to back trials that

23  are set up I think, but I'll get the diary and we'll see what

24  we can do.  What I'm going to have to do set you folks up for

25  an afternoon.

1       (Pause in proceedings)

2          MR. MOORE:  Would Monday the 29th or Tuesday the

3   30th be convenient for the Court?

4          THE COURT:  Monday the --

5          MR. MOORE:  29th.

6          THE COURT:  -- 29th.

7          MR. MOORE:  So that's the Monday after the Friday

8   the Court was first chose.

9          MS. LEONARDO:  Your Honor, that date would not be

10  good for me, but the 30th would be fine.

11         THE COURT:  I would say block up the 30th.  So

12  you're talking about October 30th, is that correct?

13         MR. MOORE:  Yes, Your Honor.

14         THE COURT:  October 30th?  All right, good.  I can

15  set it up for 2 o'clock on that date.

16         MR. MOORE:  It works for Plaintiff, Your Honor.

17         THE COURT:  Good, 2 p.m., oral argument.  And, part

18  and partial of the law situation is my concern with regarding

19  any issues of fact that are material here to the Plaintiff's

20  requests.  So if you could include that in your presentation,

21  that would be helpful.  Ordinarily, I just set these down for

22  an evidentiary hearing, but in this case I'm inclined to think

23  that the law may be sufficient.  And Ms. Beckman, anything you

24  can do to urge your people to expedite this matter I would

25  be --

1          MS. LEONARDO:  I will do that, Your Honor.

2          THE COURT:  -- would be appreciated.

3          MS. LEONARDO:  I will do that.

4          THE COURT:  Good.  Okay, anything else at this time

5   that the parties would like to address?

6          MR. MOORE:  No, Your Honor.  Not on behalf of

7   Plaintiff.

8          THE COURT:  Okay.  All right, thank you very much.

9   I'll see you on the 30th.

10          MR. MOORE:  Thank you, Judge.

11          MR. TERMINI:  Thank you.

12     (Court adjourned)

13

14                         CERTIFICATION
15   I certify that the foregoing is a correct transcript from the
16   electronic sound recording of the proceedings in the above-
17   entitled matter.
18
19
20
21   *Lewis Parham*                          10/31/12
22
23   _____     _____
24   Signature of Transcriber                 Date