UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JONATHAN K. SMITH,

     Plaintiff,

 -against-

VINCENT FREDRICO, in his individual and        CV-12-4408
official capacity as Patrol Officer, Suffolk County      (ADS)(ETB)
Police Department,
ROBERT TROTTA, in his individual and official
capacity as Detective, Suffolk County Police
Department and JOHN DOES 1-10 .

     Defendants.
-------------------------------------------------------X

## DEFENDANT ROBERT TROTTA'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

              LORETTA E. LYNCH
              United States Attorney
              Eastern District of New York
              610 Federal Plaza
              Central Islip, New York 11722

Diane C. Leonardo
Assistant U.S. Attorney,
  Of Counsel

# PRELIMINARY STATEMENT

Defendant Robert Trotta ("Defendant") respectfully submits this memorandum of law in opposition to Plaintiff's motion for a preliminary injunction. Plaintiff Jonathan K. Smith ("Plaintiff) seeks a preliminary injunction from the Court for the return of currency and contraband cigarettes seized on or about July 21, 2012. Plaintiff also requests that this Court enjoin the "application of federal and state law on Shinnecock Indian Reservation lands." See Plaintiff's Motion dated September 4, 2012 at p. 4 ("Plaintiff's Motion").

Plaintiff was in possession of 2100 cartons[1] of contraband cigarettes in violation of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq. The CCTA defines "contraband cigarettes" as a "quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes." See 18 USCS § 2341(2). Plaintiff has not articulated that he will suffer irreparable harm from the seizure of the currency and the contraband cigarettes. In addition, Plaintiff is not able to show success on the merits. Accordingly, his request for a preliminary injunction must be denied.

# STATEMENT OF FACTS

Plaintiff alleges that he was transporting a "legitimate and documented load of cigarettes purchased by Shinnecock Smoke Shop from Palmetto Wholesale Tobacco Distributors in South Carolina." See Complaint at ¶ 2. Plaintiff is the owner of both the Shinnecock Smoke Shop and Palmetto Wholesale Distributors. Plaintiff acknowledged that the cigarettes he was transporting

---

[1] 2100 cartons are equal to 420,000 cigarettes.

did not contain tax stamps. Id. at ¶ 26, 27. However, Plaintiff maintains that he was exempted from the provisions of New York State Tax Law § 471 that require tax stamps because he claims to be a "common carrier." Id. at 41. Plaintiff also maintains that he had a proper bill of lading and was, thus, exempt from the provisions of state tax law. Id. at ¶ 29.

## ARGUMENT

"In general, to secure a preliminary injunction, the moving party must demonstrate: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. A party moving for a mandatory injunction that alters the status quo by commanding a positive act must meet a higher standard, however. That is, in addition to demonstrating irreparable harm, [t]he moving party must make a clear or substantial showing of a likelihood of success on the merits, a standard especially appropriate when a preliminary injunction is sought against government." D.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006)(internal citations and quotations omitted).

Plaintiff is seeking a preliminary injunction with regard to each and every cause of action in the complaint. However, Plaintiff was admittedly in possession of contraband cigarettes that may not be returned to him. Plaintiff also fails to make a "clear or substantial showing of a likelihood of success on the merits" and fails to show that he will suffer irreparable harm.

### I. Irreparable Harm

The Second Circuit has repeatedly stated that "[i]rreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, and that, accordingly, the moving party must first demonstrate that such injury is likely before the other requirements for

the issuance of an injunction will be considered." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66-67 (2d Cir. 2007)(internal citations and quotations omitted).

Plaintiff must show that he would suffer irreparable harm if the preliminary injunction is not granted. Plaintiff's motion is completely devoid any allegation of any purported harm from the continued seizure of the untaxed cigarettes and the currency. "In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." Rodriguez by Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999). Accordingly, having failed to show irreparable harm, Plaintiff's motion for a preliminary injunction must be denied.

## II.     No Clear or Substantial Showing of a Likelihood of Success in the Merits

Plaintiff alleges causes of action under: New York Tax Law, Article 20, §481(2)(b) (Count 1); 49 U.S.C. § 14501 (c)(1) (Count 2); violation of Indian Religious Freedom Act of 1978 (Count 3); deprivation of Civil Rights Under 42 U.S.C. § 1983 (Counts 4, 5, 6, 7); violation of the Fort Albany Treaty of 1664 (Count 8); violation of Civil Rights Under 42 U.S.C. § 1982 (Count 9); conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 (Count 10); neglect to Prevent under 42 U.S.C. § 1986 (Count 11); and violation of Article 1, Section 8, Clause 3 of the U.S. Constitution (Count 12).

There is no private right of action with regard to causes of action under the Indian Religious Freedom Act of 1978, see Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 455 (1988), or the Fort Albany Treaty of 1664. See Smith v. Spitzer, 814 N.Y.S. 2d 338, 340 (3rd Dep't 2006). Thus, any purported causes of action under these statutes necessarily fail. New York Tax Law, Article 20, §481(2)(b) and 49 U.S.C. § 14501(c)(1) do not provide for a private right of action and Plaintiff does not cite any authority to allow such a private right of

action. Thus, the only potential purported causes of action are under 42 U.S.C. §§ 1982, 1983, 1985 and 1986. As discussed below, such claims also fail.

### A. Statutory Framework

Notwithstanding Plaintiff's reliance on state statutes, federal statutes are applicable to this case. "The CCTA makes it unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute or purchase contraband cigarettes. Contraband cigarettes are defined as a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes." City of New York v. Golden Feather Smoke Shop, Inc., No. CV-08-3966, 2011 U.S. Dist. LEXIS 149748, at *12-*13 (E.D.N.Y. Dec. 30, 2011)(Amon,J.); see also 18 U.S.C. § 2342(a). The Second Circuit has held that the CCTA is applicable to Native Americans engaging in "large-scale cigarette bootlegging involving the wholesale distribution of untaxed cigarettes destined for off-reservation sales." United States v. Morrison, 686 F.3d 94, 106 (2d Cir. 2012).

A "common carrier" is defined as "any person (other than a local messenger service or the United States Postal Service) that holds itself out to the general public as a provider for hire of the transportation by water, land, or air of merchandise (regardless of whether the person actually operates the vessel, vehicle, or aircraft by which the transportation is provided) between a port or place and a port or place in the United States." See 15 U.S.C. § 375(3). Pursuant to 18 U.S.C. § 2341(B), "a proper bill of lading or freight bill… states the quantity, source, and destination of such cigarettes." A common carrier is not subject to the provisions of the CCTA. See 18 U.S.C. § 2341 (2)(B).

4

New York State Tax Law provides: "There is hereby imposed and shall be paid a tax on all cigarettes possessed in the state by any person for sale, except that no tax shall be imposed on cigarettes sold under such circumstances that this state is without power to impose such tax, including sales to qualified Indians for their own use and consumption on their nations' or tribes' qualified reservation… .The tax imposed by this section is imposed on all cigarettes sold on an Indian reservation to non-members of the Indian nation or tribe and to non-Indians and evidence of such tax shall be by means of an affixed cigarette tax stamp." N.Y. Tax Law § 471(1); see also Morrison, 686 F.3d at 99.

### B.  Contraband Per Se

Here, Plaintiff purportedly "bought" cigarettes from his own company in South Carolina and transported the untaxed cigarettes to New York State in a Budget rental truck. Plaintiff is not a common carrier as that term is defined above. Thus, his possession of the untaxed cigarettes is not "exempt" from the provisions of the CCTA and the untaxed cigarettes are contraband per se.

> Contraband per se may not be released to Plaintiff:
>
> An object is contraband per se if its possession, without more, constitutes a crime; or in other words, if there is no legal purpose to which the object could be put. United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008). A controlled substance, for example, is contraband per se, and courts will not "entertain a claim contesting the confiscation of contraband per se because one cannot have a property right in that which is not subject to legal possession." Cooper v. Greenwood, 904 F.2d 302, 305 (5th Cir. 1990). The concept of derivative contraband is more expansive, and includes "things that are not ordinarily illegal, like guns, automobiles, ships, and currency, that become forfeitable because of their relationship with a criminal act." United States v. 37.29 Pounds of Semi-Precious Stones, 7 F.3d 480, 485 (6th Cir. 1993); accord Vitrano v. United States, No. 06 Civ. 6518 (JCF), 2009 U.S. Dist. LEXIS 32550, 2009 WL 1011582, at *5 (S.D.N.Y. Apr. 14, 2009) (derivative contraband includes "items which are not inherently unlawful but which may become unlawful because of the use to which they are put").

Sash v. United States, No, 09-CV-450, 2009 U.S. Dist. LEXIS 90866, at *11-*12 (S.D.N.Y.

5

Sept. 22, 2009). Plaintiff does not have a property right in the contraband cigarettes and they may not be returned to Plaintiff.

Plaintiff's reliance on HCI Distrib., Inc. v New York State Police, 36 Misc. 3d 743, 749 (N.Y. Sup. Ct. 2012) is misplaced. See Plaintiff's Motion, Exhibit "C." The court in HCI found that there was evidence to show that the untaxed cigarettes were destined for delivery by a common carrier in Nebraska, not for resale in New York and thus, no New York State taxes were due. Id. at 749. Here, Plaintiff was transporting the untaxed cigarettes to New York, where the New York State taxes were due.

Plaintiff claimed that the currency seized during the vehicle stop belonged to his business, the Shinnecock Smoke Shop. See Complaint at ¶ 26. Plaintiff also alleged that he purchased the untaxed cigarettes and was transporting the untaxed cigarettes to his business, the Shinnecock Smoke Shop. Id. at ¶ 18. Currency involved in the commission of a crime, namely the CCTA, is derivative contraband. See Vitrano v. United States, No. 06 CV-6518, 2009 U.S. Dist. LEXIS 32550, at *16 (S.D.N.Y. Apr. 14, 2009)("Derivative contraband includes items which are not inherently unlawful but which may become unlawful because of the use to which they are put. In either instance, the government has the right to retain the contraband property."). Accordingly, the currency cannot be released.

  **C.**   **Alleged Civils Right Violations**

Assuming <u>arguendo</u> that the untaxed cigarettes and currency were not contraband, Plaintiff has not shown a clear or substantial likelihood of success on the merits. Plaintiff alleges

violations of his civil rights under 42 U.S.C. §§ 1982, 1983[2], 1985 and 1986 based on racial animus. See Plaintiff's Motion at p. 16. He alleges that the only basis for the stop and the deprivation of his rights was based upon his race. Id. at p. 20.[3] However, Plaintiff's allegations are conclusory in nature and, thus, insufficient to show a likelihood of success on the merits.

Initially, it is noted that Plaintiff's contention that the vehicle stop must be evaluated under a "per se unreasonable standard" ignores the well-settled "automobile exception" to a warrantless search. See Plaintiff's Motion at p. 17. "[L]aw enforcement [may] conduct a warrantless search of a readily mobile vehicle where there is probable cause to believe that the vehicle contains contraband." See United States v. Navas, 597 F. 3d 492, 497 (2d Cir. 2010). "Where the probable cause upon which the search is based extends to the entire vehicle, the permissible scope of a search pursuant to this exception includes every part of the vehicle and its contents [including all containers and packages] that may conceal the object of the search. United States v. Harwood, 998 F.2d 91, 96 (2d Cir. 1993); see also California v. Acevedo, 500 U.S. 565, 580, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991)." Id. (internal quotation marks omitted). Thus, a warrantless search is permissible.

---

[2] Section 1983 provides a cause of action for deprivation of constitutional rights committed by a person acting under color of *state* law. See West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis supplied). Thus, a Section 1983 action "cannot lie against federal officers." Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 (2d Cir. 1991). It is well-settled that a cause of action under Section 1983 is not applicable to federal defendants, such as Detective Trotta. However, courts have liberally construed allegations brought pursuant to Section 1983 to allege claims under Bivens v. Six Unknown Fed. Narcotic Agents,403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). See Megna v. FDA, No. CV-08-1435, 2009 U.S. Dist. LEXIS 21359, at *12-*13 (E.D.N.Y. Mar. 17, 2009)(Bianco, J.)("Despite plaintiff's caption asserting claims under 42 U.S.C. § 1983, the court construes the complaint liberally to raise its strongest claims/arguments possible, which, in this case, is [ ] a potential action for violation of a federal constitutional right under Bivens v. Six Unknown Fed. Narcotic Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)).

[3] Plaintiff's allegations are only contained in the Complaint. Plaintiff did not submit a declaration in support of his preliminary injunction.

Plaintiff alleges that the stop of his vehicle was motivated by a racial animus. See Plaintiff's Motion at p. 18. Plaintiff cannot show a deprivation of his civil rights based upon his race under Section 1982, 1983, 1985 or 1986, based solely on this conclusory allegation of racial animus.

> [C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct. Ciambriello v. County of Nassau, 292 F. 3d 307, 325 (2d Cir. 2002). Similarly, to state a claim of conspiracy to discriminate under Section 1985(3), plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. In addition, [t]he conspiracy must be motivated by racial animus. Since a Section 1986 claim is predicated on a valid 1985 claim, if the court finds no valid 1985 claim, there is no valid 1986 either.

Sherman v. Harris, 11-CV-4385, 2012 U.S. Dist. LEXIS 136621, at *23-*24 (E.D.N.Y. Sept. 24, 2012).

The complaint, based on conclusory allegations, does not meet the minimum pleading standards. Accordingly, Plaintiff has not shown a likelihood of success on the merits and the request for a preliminary injunction must be denied.

### D. **Indian Commerce Clause**

Plaintiff requests that this Court redefine Congress's powers under the Indian Commerce Clause, Article 1, Section 8, Clause 3 of the United States Constitution by enjoining the "application of federal and state law on Shinnecock Indian Reservation lands." See Plaintiff's Motion at p. 4. However, the United States Supreme Court has stated that the "Constitution grants Congress broad general powers to legislate in respect to Indian tribes, powers that we have consistently described as plenary and exclusive. E.g., Washington v. Confederated Bands and Tribes of Yakima Nation, 439 U.S. 463, 470-471, 58 L. Ed. 2d 740, 99 S. Ct. 740 (1979);

Negonsott v. Samuels, 507 U.S. 99, 103, 122 L. Ed. 2d 457, 113 S. Ct. 1119 (1993); see also W. Canby, American Indian Law 2 (3d ed. 1998)("[T]he independence of the tribes is subject to exceptionally great powers of Congress to regulate and modify the status of the tribes"). United States v. Lara, 541 U.S. 193, 200 (2004)(internal citations omitted).

The Supreme Court has previously rejected Native American retailers' suit to enjoin enforcement of New York State tax laws on the reservations. See Dep't of Taxation & Fin. v. Milhelm Attea & Bros., Inc., 512 U.S. 61, 78 (1994). Thus, Plaintiff's suggestion that this Court hold that state and federal laws are inapplicable to the Shinnecock Indians is without merit and must be rejected.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's request for a preliminary injunction must be denied.

Dated: Central Islip, New York
      November 12, 2012

                      Respectfully submitted,
                      LORETTA E. LYNCH
                      UNITED STATES ATTORNEY
                      610 Federal Plaza, 5th Floor
                      Central Islip, New York 11722
BY:   /s/Diane C. Leonardo
                      Diane C. Leonardo (DCL 3276)
                      Assistant U.S. Attorney