UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JONATHAN K. SMITH, a member of the
Shinnecock Indian Nation,

                              Plaintiff,                         REPORT AND
                                                                  RECOMMENDATION

           -against-                                    CV 12-4408 (ADS)(ETB)

VINCENT FREDRICO, in his individual and
official capacity as Patrol Officer, Suffolk
County Police Department, ROBERT TROTTA,
in his individual and official capacity as Detective,
Suffolk County Police Department, and
JOHN DOES 1-10,

                               Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE ARTHUR D. SPATT, UNITED STATES DISTRICT JUDGE:

       Before the court is the motion of the plaintiff, Jonathan K. Smith ("plaintiff" or "Smith") for a preliminary injunction requiring defendants Vincent Fredrico ("Fredrico") and Robert Trotta ("Trotta") (collectively, "defendants") to return to plaintiff all property seized from him during a traffic stop effectuated on July 21, 2012. For the following reasons, I recommend that plaintiff's motion be denied.

BACKGROUND

       This action arises out of a traffic stop of plaintiff by defendants on July 21, 2012. (Complaint ("Compl.") at ¶¶ 18, 19.) Plaintiff, a member of the Shinnecock Indian Nation (Compl. at ¶ 1), was transporting $34,623.00 in cash and approximately 2,100 cartons of cigarettes (Compl. at ¶ 33) in a Budget rental truck at the time of the stop (Compl. at ¶ 18). Plaintiff maintains that he was transporting this property on behalf of his sole proprietorship,

-1-

Shinnecock Trucking Co., and that the cigarettes being transported had been purchased by and were destined for the Shinnecock Smoke Shop, another of plaintiff's sole proprietorships. (Compl. at ¶ 18.)

The stop of plaintiff's vehicle was conducted by defendants, along with at least one other unknown Suffolk County Police Department patrol officer. (Compl. at ¶ 19.) During the stop, the officers searched plaintiff, plaintiff's passenger, and the entirety of the truck. (Compl. at ¶¶ 21-27.) During the course of the search, defendants discovered that the cigarettes being transported by plaintiff did not bear a New York tax stamp, and the cigarettes were seized as contraband, along with the $34,623.00 in cash. (Compl. at ¶¶ 27, 33.) As of October 19, 2012, the cigarettes and cash remained in the custody of Suffolk County. (Transcript of Motion Hearing Before the Honorable E. Thomas Boyle, October 19, 2012 ("Tr.") at 13.)

Plaintiff maintains that the search of his vehicle and the seizure of his cash and cigarettes was contrary to New York Tax Law Article 20 § 481(2)(b), the Indian Religious Freedom Act of 1978, and the Fort Albany Treaty of 1664. (Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction ("Pltff. Mem. Of Law") at 5-6.) Plaintiff further alleges that the search and seizure violated his civil rights - specifically, those afforded him pursuant to 42 U.S.C. §§ 1982, 1983, 1985, and 1986 - and his constitutional right as a member of an Indian Tribe to be free from state taxation. (Compl. at ¶¶ 49, 51, 53, 55, 61, 64, 66, 68.) Finally, plaintiff maintains that, to the extent that defendants attempted to enforce certain New York State laws against him, such laws are preempted by federal law. (Compl. at ¶ 44.)

Plaintiff now seeks the return of the seized cash and cigarettes by preliminary injunction. (Pltff. Mem. of Law at 23.) Fredrico maintains that the cigarettes are "per se contraband" and

opposes plaintiff's request for relief. (Tr. at 13.) Trotta likewise maintains that the seized cigarettes are contraband, specifically in violation of the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341 et seq., and also opposes plaintiff's request. (Defendant Robert Trotta's Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction ("Trotta Mem. of Law") at 1.) Oral argument was held on the request for a preliminary injunction on October 19, 2012. (Tr. at 1.) The parties subsequently stipulated that no evidentiary hearing or further oral argument was required[1] (Correspondence of Scott Michael Moore dated November 5, 2012), and the Court now makes the following recommendations based on the parties' submissions to date.

CONCLUSIONS OF LAW

I. Legal Standard

A preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies" and "should not be routinely granted." Hanson Trust PLC v. ML SCM Acquisition, Inc., 781 F.2d 264, 273 (2d Cir. 1986) (quoting Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In order to obtain a preliminary injunction, the movant must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly in the movant's favor. See Polymer Tech. Corp. v. Mimran, 37 F.3d 74, 77-78 (2d Cir. 1994). The purpose of a preliminary

---

[1] "When parties are content in the district court to rest on affidavits, the right to an evidentiary hearing is waived." Drywall Tapers & Pointers of Greater N.Y. v. Local 530 of Operative Plasterers & Cement Masons Int'l Assoc., 954 F.2d 69, 77 (2d Cir. 1992).

injunction is to prevent hardship and preserve the status quo until final determination of the action. See WarnerVision Entm't v. Empire of Carolina, Inc., 101 F.3d 259, 261-62 (2d Cir. 1996). Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances. See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992); Metro Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001).

In the case at hand, plaintiff alleges that, absent an injunction requiring the return of the seized property to him, he will suffer a deprivation of his constitutional rights. (Pltff. Mem. of Law at 17-20.) He further alleges that the cigarettes being held will become stale and unsaleable if they remain in the custody of the County of Suffolk, and therefore must be returned to him promptly to prevent this from happening. (Tr. at 21.)

II. Irreparable Harm

"Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Bell & Howell v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2948, at 431 (1973) and citing cases). Such irreparable harm must be "actual and imminent" and "not remote or speculative." Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (citation omitted). Irreparable harm has been found in circumstances where a party is threatened with the loss of a business, see Tom Doherty Assocs. v. Saban Entertainment, Inc., 60

F.3d 27, 37 (2d Cir. 1995), or where the threatened termination of delivery of a unique product would inevitably result in irreparable damage to the good will of the distributor, see Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907-908 (2d Cir. 1990). However, it is well-established that "irreparable injury means injury for which a monetary award cannot be adequate compensation." Jackson Dairy, 596 F.2d at 72. Accordingly, "where money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law." Loveridge v. Pendleton Woolen Mills, Inc., 788 F.2d 914, 918 (2d Cir. 1986) (citation omitted).

Here, plaintiff has not shown that irreparable harm will ensue if the property at issue is not returned immediately. There is nothing in the record to suggest that plaintiff cannot be adequately compensated through the payment of monetary damages in the event that it is ultimately determined that his property was wrongfully seized by defendants.

With regard to the $34,623.00 in cash seized, it is self-evident that the plaintiff can be compensated for this temporary deprivation with monetary damages, and the plaintiff is therefore ineligible for injunctive relief with regard to this portion of the seized property. See, e.g. Sampson v. Murray, 415 U.S. 61, 90 (1974) ("the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury"); see also Harvey v. Fresquez, No. 10 Civ. 5291, 2011 U.S. Dist. LEXIS 25353, at *5 (S.D.N.Y. Mar. 7, 2011) ("money is fungible; [plaintiff] does not need to retrieve the precise dollars and cents that were taken from his bank account, and he does not come close to demonstrating that [defendant] would be unable to pay any final judgment that might be entered against him").

The cigarettes seized are likewise fungible,[2] and plaintiff has set forth no reason why monetary damages would be insufficient to compensate him in the event that the cigarettes do become stale (and therefore unfit to sell) while in Suffolk County's custody. On the record before this Court, there is no evidence that the cigarettes at issue are in any way unique or otherwise irreplaceable, and there is therefore no basis upon which to conclude that plaintiff could not adequately be compensated for the loss of these particular cigarettes with money damages. Reuters Ltd., 903 F.2d at 907-908 (holding that irreparable harm will only be found when plaintiff is threatened with the loss of a "unique product," and the loss of said product will cause "irreparable damage to the good will of the distributor"). If monetary damages would be sufficient to compensate plaintiff for any potential loss with regard to the cigarettes that were seized, plaintiff is not entitled to a preliminary injunction. Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) ("The injury must be one requiring a remedy of more than mere money damages. A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation."); see also Borey v. National Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 34 (2d Cir. 1991) ("when a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted"); Medgar Evers Houses Assoc. V. Carro, No. 01 Civ. 6107, 2001 U.S. Dist. LEXIS 18594, at *14-15 (E.D.N.Y. Nov. 6, 2001) (holding that where movant's interest in real property was based solely on future financial benefits it would receive from that property, the movant's prospective harm

---

[2] See, e.g. Huber Winery v. Wilcher, 488 F.Supp.2d 592, 599 (W.D. Ky. 2006) (citing Brown & Williamson Tobacco Corp. v. Pataki, 320 F.3d 200, 213 (2d Cir. 2003) for the proposition that "cigarettes are fungible").

was fully compensable with monetary damages and movant was therefore not entitled to a preliminary injunction); Aiena v. Olsen, 37 F.Supp.2d 303, 306 (S.D.N.Y. 1999) (finding no risk of irreparable harm where shares of stock at issue were "available in the open market [and]... completely fungible with those owned by the individual defendants").

Finally, plaintiff's contention that he has demonstrated per se irreparable harm by alleging that he has been deprived of his constitutional rights is not persuasive. Although the Second Circuit has held that the deprivation of a constitutional right may constitute per se irreparable harm in the context of a preliminary injunction, where "money damages could make [movants] whole for any loss suffered during this period [of deprivation], their injury is plainly reparable and [movants] have not demonstrated the type of harm entitling them to injunctive relief." Savage v. Gorski, 850 F.2d 64, 68 (2d Cir. 1988). Where a plaintiff alleging a violation of his constitutional rights seeks a preliminary injunction for what is, "at its core, a single plaintiff's claim for money damages," a preliminary injunction should not issue. Pinckney v. Board of Educ. of Westbury Union Free School Dist., 920 F.Supp. 393, 400 (E.D.N.Y. 1996). It is therefore the recommendation of this Court that plaintiff's request for a preliminary injunction be denied on the basis of plaintiff's inability to demonstrate that he will be irreparably harmed in the absence of said injunction.

III.  Likelihood of Success on the Merits

The second step of analysis when determining whether a movant is entitled to a preliminary injunction is to determine whether there is a likelihood that the movant will succeed on the merits, or serious questions going to the merits to make them a fair ground for litigation

and a balance of hardship tipping decidedly in the movant's favor. Polymer Tech Corp., 37 F.3d at 77-78. However, where a movant is unable to overcome the first step of the analysis by establishing that he will suffer irreparable harm absent the issuance of the injunction, the Court need not reach the second step. Greek Orthodox Archdiocese of N. and S. Am. v. Greek Orthodox Am. Leaders, Inc., No. 98 Civ. 6435, 1998 U.S. Dist. LEXIS 18593, at *9 (S.D.N.Y. Nov. 25, 1998) ("Because the [movant] has failed to prove the threat of irreparable harm, I need not reach the issue of whether the [movant] has demonstrated a likelihood of success on the merits or sufficiently serious questions going to the merits to make them fair ground for litigation"). The Court therefore declines to consider the substantial other issues raised relating to likelihood of success, serious questions going to the merits, and the balance of hardship, since the harm alleged by plaintiff is not irreparable.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of this Court that the plaintiff's application for a preliminary injunction be denied.

**SO ORDERED.**

Dated: Central Islip, New York
November 20, 2012

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge