UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JONATHAN K. SMITH, a member of the
Shinnecock Indian Nation,

        Plaintiff,

  - against -

VINCENT FREDRICO, in his individual and
official capacity as Patrol Officer, Suffolk County
Police Department,
ROBERT TROTTA, in his individual and official
capacity as Detective, Suffolk County Police
Department, and
JOHN DOES 1-10,

        Defendants.
---------------------------------------------------------------x

**PLAINTIFF'S OBJECTIONS
TO REPORT AND
RECOMMENDATION**

Case No.: 12-cv-04408 (ADS)(ETB)

## I. INTRODUCTION

Following the Court's referral of Plaintiff, Jonathan K. Smith's, Motion for Preliminary Injunction, ("the motion"), to the Hon. E. Thomas Boyle, M.J., Judge Boyle filed a Report and Recommendation on November 20, 2012, and recommended that the motion be denied, ("the Report"). (doc. # 27)

The thrust of the Report is that injunctive relief should not issue because an adequate damages remedy at law exists. (*See*, Report, p. 7) Plaintiff respectfully files this his objections to each and every portion of the Report. Plaintiff incorporates his motion moving papers, and application for default, by reference herein. (Motion and Memorandum of Law in Support, doc. # 2; Application for Default, doc. # 15; Reply, doc. # 17; Reply, doc. # 18; Reply, doc. # 26)

Plaintiff respectfully requests the Court to reject the recommendation of the Report, and grant the relief requested. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1)(C)

The procedural posture of the case includes that, presently, Defendant, Robert Trotta, ("Defendant Trotta"), has to date, failed to file an answer to the verified complaint which was served upon him on September 7, 2012, (*See*, doc. # 9), even though his default has been brought to his attention on numerous occasions.[1] Plaintiff objects to the filing and consideration of his opposition papers for this reason. (*See*, doc. # 15, doc. # 18) This is a strategic delay and failure to file by Defendant Trotta, and the Court should enter his default. (*See*, doc. # 15, doc. # 16, doc. # 18)

## II. OBJECTIONS TO THE REPORT'S INTRODUCTION

Respectfully, the damages issue underlying the recommendation in the Report, as discussed below, was not raised at any time by the defendants in opposition papers or at oral argument. Nor was the issue briefed by the parties.

Plaintiff respectfully objects to the Report framing the motion as limited to only seeking return of seized property. (*See*, Report, p. 1) The motion is broader. The motion also seeks "Preliminary and permanent injunctive relief in favor of plaintiff enjoining application of federal and state law on Shinnecock Indian Reservation lands." (*See*, motion, p. 4) "Plaintiff's twelve count verified complaint, in summary, alleges … 6) the assertion of law exceeds Congressional power to regulate the Shinnecock under Art. I, Sec. 8, Cl. 3 of the U.S. Constitution." (*See*, memorandum in support, pp. 5-6)

---

[1] Defendant Trotta has taken the position, opposed by plaintiff, that Trotta is a "federal" defendant, without submitting any evidence in support or pointing to any fact plead in the complaint supporting this contention. (See, doc. #16, doc. #18)

2

### III.     OBJECTIONS TO THE REPORT'S BACKGROUND

The defendants did not submit any evidence, in any form, in support of their opposition to the motion - only a vague and unsupported argument of a "pending investigation." (*See*, doc. # 26) As such, the only facts before the Court are the facts in the sworn verified complaint, and documentary evidence submitted by Plaintiff.

Plaintiff respectfully objects to those portions of the Report's Background which do not contain the more detailed facts of the stop plead in the verified complaint, (*See*, Report, pp. 1-3; compare Compl., ¶¶ 18-39), and the broader context of facts showing the targeting and seizure of Shinnecock Indian trade enroute to the Shinnecock Indian Reservation on the basis of race.

The Background does not mention any documentary factual evidence submitted by plaintiff.  *See*, tribal verification of plaintiff's membership in the Shinnecock Indian Nation annexed to the verified complaint as Exhibit A; *See*, Bill of Lading showing the shipment of cigarettes by Shinnecock Trucking Co., from Palmetto Wholesale Tobacco in South Carolina, to Shinnecock [Smoke] Shop on Shinnecock Indian Territory, annexed to the motion as Exhibit A; *See*, Tobacco License of Palmetto Wholesale Tobacco issued by the South Carolina Department of Revenue annexed to the motion as Exhibit B; *See*, Invoices itemizing the shipment in the Bill of Lading annexed to Plaintiff's Letter Reply to Defendant Fredrico, (doc. # 17). These documents show the Shinnecock shipping documents were, and are, in order.

Plaintiff respectfully objects to the use of the word "contraband" used in the Report in characterizing the facts in the Complaint, "… and the cigarettes were seized as contraband.…" (*See*, Report, p. 2). The word "contraband" appears nowhere in the complaint, and appears in <u>no evidence</u> before the Court. In fact the opposite is the case. The complaint states the defendants did not allege any violation of law at the time of the stop and seizure, and Defendant Trotta at the

time stated "everything looked legitimate." (*See*, Compl., ¶ 29) The word "contraband" has only been interjected by the defendants in their present opposition, without any factual evidence in support of their contention.

Plaintiff also respectfully objects to the specific lack of inclusion in the Report's background of Count 12, which, as mentioned above, seeks injunctive relief to bar the application of law. The Report mentions all the remaining Counts, and omits only Count 12. (*See*, Report, p. 2)

## IV. OBJECTIONS TO THE REPORT'S CONCLUSIONS OF LAW – IRREPARABLE HARM

The thrust of the Report's rationale is that damages, to compensate for the seizure of plaintiff's cigarettes and money, are available as a remedy at law, thus there is no irreparable harm to plaintiff, and that defeats the equity relief sought of an injunction for return of the property. (*See*, Report, pp. 4-8) Plaintiff respectfully objects to both the conclusion and the rationale for the following reasons.

A. <u>The Report erred in determining that damages are available as a remedy at law, when relief of compensatory damages for the seized property is not plead in any of the 12 counts.</u>

Respectfully, the Report rewrote the complaint on damages. None of the 12 counts sought compensatory damages specifically for the seized property. For ease of reference, the Prayer for Relief in the complaint is reproduced below.

*PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiff, Jonathan K. Smith, requests the following Relief:

1. **As to Count One (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

   a. A Declaratory Judgment in favor of plaintiff that New York Tax Law Art. 20, §471 does not apply against plaintiff, because §481(2)(b) applies which provides an exemption for common or contract carriers.

  b. Preliminary and permanent injunctive relief directing return of all property seized from plaintiff.
  c. Disbursements, attorney's fees, and such further and other relief as the Court deems just and proper.

2. **As to Count Two (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

  a. A Declaratory Judgment in favor of plaintiff that New York PHL 1399-ll(1), (2) are invalid and unenforceable against plaintiff as preempted by federal law, 49 U.S.C. § 14501(c)(1).

  b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

  c. Disbursements, attorney's fees, and such further and other relief as the Court deems just and proper.

3. **As to Count Three (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

  a. A Declaratory Judgment in favor of plaintiff that the imposition of New York State tax upon Smith's property, or otherwise the seizure of Smith's property under color of New York State law, violated the Indian Religious Freedom Act of 1978, 42 U.S.C. § 1996, ("IRFA").

  b. Preliminary and permanent injunctive relief directing and accounting and return of all property seized from plaintiff.

  c. Disbursements, attorney's fees, and such further and other relief as the Court deems just and proper.

4. **As to Count Four (Robert Trotta)**

  a. A Declaratory Judgment in favor of plaintiff that the grabbing of Smith's arm and forced removal from the vehicle by Robert Trotta was a violation of the Fourth Amendment to the federal constitution, and a violation of 42 U.S.C. § 1983.

  b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

  c. Compensatory damages.

  d. Punitive damages.

  e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

5. **As to Count Five (Robert Trotta)**

  a. A Declaratory Judgment in favor of plaintiff that the removal and search of Smith's suitcase from Smith's vehicle by Det. Trotta without a search warrant was a violation of the Fourth Amendment to the federal constitution, and a violation of 42 U.S.C. § 1983.

b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

   c. Compensatory damages.

   d. Punitive damages.

   e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

6. **As to Count Six (Robert Trotta)**

   a. A Declaratory Judgment in favor of plaintiff that the search of Smith's bank bag by Robert Trotta was a violation of the Fourth Amendment to the federal constitution, and a violation of 42 U.S.C. § 1983.

   b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

   c. Compensatory damages.

   d. Punitive damages.

   e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

7. **As to Count Seven (Robert Trotta)**

   a. A Declaratory Judgment in favor of plaintiff that the search of the locked cargo area of Smith's vehicle by Robert Trotta was a violation of the Fourth Amendment to the federal constitution, and a violation of 42 U.S.C. § 1983.

   b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

   c. Compensatory damages.

   d. Punitive damages.

   e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

8. **As to Count Eight (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

   *a.* A Declaratory Judgment in favor of plaintiff that the imposition and enforcement of a New York State tax upon Smith's property as part of trade destined for the Shinnecock Indian Reservation, said defendants were without and in excess of jurisdiction as in violation of the treaty guarantee of free trade under the terms of Appended Article 3, of *The Fort Albany Treaty, 1664*.

b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

c. Disbursements, attorney's fees, and such further and other relief as the Court deems just and proper.

**9. As to Count Nine (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

a. A Declaratory Judgment in favor of plaintiff that Smith's exercise of his Shinnecock aboriginal trading rights under the Free Trade Clause, Appended Article 3, of the Fort Albany Treaty, 1664, are property rights within the meaning of 42 U.S.C. § 1982, and said defendants' interference and deprivation of Smith's property violates 42 U.S.C. § 1982.

b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

c. Compensatory damages.

d. Punitive damages.

e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

**10. As to Count Ten (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

a. A Declaratory Judgment in favor of plaintiff that Robert Trotta, Vincent Fredrico, and John Does 1-10 did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Smith, and members of the Shinnecock Indian Nation as a class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

c. Compensatory damages.

d. Punitive damages.

e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

**11. As to Count Eleven (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

a. A Declaratory Judgment in favor of plaintiff that Robert Trotta, Vincent Fredrico, and John Does 1-10, did, in violation of 42 U.S.C. § 1986, with knowledge of the wrongs conspired to be done at the request and instruction of Robert Trotta, were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected or refused to do so, to Wit: Neglecting or refusing to prevent, with knowledge of a conspiracy to deprive, either directly or indirectly, Smith, and members of the Shinnecock Indian Nation as a class of

          persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

    b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

    c. Compensatory damages.

    d. Punitive damages.

    e. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the Court deems just and proper.

**12. As to Count Twelve (Robert Trotta, Vincent Fredrico, and John Does 1-10)**

    a. A Declaratory Judgment in favor of plaintiff that the legal status of Smith's membership in the Shinnecock Indian Nation as a "domestic dependent nation" of the United States, and the regulation of the Shinnecock Indian Nation and its members, exceeds the federal constitutional grant of power that "The Congress shall have the Power … To regulate Commerce with foreign Nations, and among the States, and with the Indian Tribes" of Art. I, Sec. 8, Cl. 3.

    b. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.

    c. Preliminary and permanent injunctive relief in favor of plaintiff enjoining application of federal and state law on Shinnecock Indian Reservation lands.

    d. Disbursements, attorney's fees, and such further and other relief as the Court deems just and proper.

(Compl., Prayer for Relief, ¶¶ 1-12)

Counts 1-3, 8, and 12 did not plead compensatory damages at all. (*See*, Compl., Prayer for Relief, ¶¶ 1-3, 8, 12)

Counts 4-7, and 9-11 plead compensatory damages for constitutional violations under federal civil rights statutes, in addition to a request for injunctive relief. (*See*, Compl., Prayer for Relief, ¶¶ 4-7, 9-11)

For these reasons, the Report erroneously determined that damages are available as a remedy at law to compensate Plaintiff for the seized property, when Plaintiff did not plead that remedy.

8

B. <u>The Report erred in determining that damages are available as a remedy at law, by not considering the Eleventh Amendment bar.</u>

Compensatory damages for the seized property are, as a general rule, barred by Eleventh Amendment sovereign immunity.

The Eleventh Amendment to the United States Constitution, provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Plaintiff's ability to overcome the Eleventh Amendment bar, and sue the defendants for ongoing violations of federal law for prospective relief is provided by the doctrine of *Ex Parte Young*:

> The theory (and controversy) behind the doctrine of *Ex parte Young* has been discussed at length in cases from both this and the Supreme Court, not to mention in the academic literature, and does not require further explication. *See, e.g., Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 269-78, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (opinion of Kennedy, J.); *id.* at 291-96, 117 S.Ct. 2028 (O'Connor, J., concurring); *Green v. Mansour,* 474 U.S. 64, 68-70, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); *Edelman,* 415 U.S. at 663-68, 94 S.Ct. 1347; *In re Dairy Mart Convenience Stores, Inc.,* 411 F.3d 367, 372 (2d Cir.2005). *See generally* 17 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4231 (2d ed. 1988 & Supp.2005). Suffice it to say that the doctrine remains a landmark of American constitutional jurisprudence that operates to end ongoing violations of federal law and vindicate the overriding "federal interest in assuring the supremacy of that law." *Green,* 474 U.S. at 68, 106 S.Ct. 423; *see Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 105-06, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

> [7] In contrast to its theoretical underpinnings,
> application of the *Young* doctrine is straightforward:
> A plaintiff may avoid the Eleventh Amendment
> bar to suit and proceed against individual state
> officers, as opposed to the state, in their official capacities,
> provided that his complaint (a) "alleges an
> ongoing violation of federal law" and (b) "seeks relief
> properly characterized as prospective." *Verizon,*
> 535 U.S. at 645, 122 S.Ct. 1753; *Dairy Mart,* 411
> F.3d at 372.

*In re Deposit Insurance Agency,* 482 F.3d 612, 618 (2d Cir. 2007)

Counts 2, 3, 8 and 12, (which are not civil rights statute based), overcome Eleventh Amendment sovereign immunity by pleading ongoing violations of federal law and seek only prospective relief – not damages. The Report erred by not considering the Eleventh Amendment bar in determining damages were available to Plaintiff.

C. <u>The Report erred in determining that the constitutional violations do not constitute irreparable harm *per se*.</u>

The Report relies on *Savage v. Gorski*, 850 F.2d 64, 68 (2d Cir. 1988) and *Pinckney v. Board of Educ. of Westbury Union Free School Dist*., 920 F.Supp. 393, 400 (E.D.N.Y. 1996) to support the rationale that plaintiff's plead deprivation of constitutional rights does not constitute *per se* irreparable harm, again relying on the proposition that money damages can make plaintiff whole. (*See*, Report, p. 7) The lack of availability of money damages as barred by Eleventh Amendment sovereign immunity has previously been discussed.

" 'A showing of a possible violation of constitutional rights constitutes irreparable harm justifying a preliminary injunction.' *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir.1992); *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984)" *Able v. United States*, 847 F.Supp. 1038, 1043 (E.D.N.Y. 1994)(Nickerson, J.)

The Second Circuit has held that *Savage* is a narrow holding. *Moore v. Consolidated Edison Company of New York, Inc.*, 409 F.3d 506, 512, fn6 (2d Cir. 2005)(Sotomayor, J.).

> …Our precise holdings in American
> Postal and Savage were narrow, relying
> heavily on the fact that the plaintiffs had
> failed to allege a sufficiently severe or
> clear violation of First Amendment rights.
> *See Savage,* 850 F. 2d at 67 (noting that
> while a preliminary injunction may be issued
> where employees are threatened with
> discharge for refusing to change their
> political affiliation, the appellees did not
> allege that degree of coercion); *American
> Postal,* 766 F.2d at 722 ("[A]ppellees
> herein have failed to allege a clearcut infringement
> of [F]irst [A]mendment rights
> which, absent preliminary injunctive relief,
> either has occurred or will occur ...."); *see
> also Savage,* 850 F. 2d at 68 (holding that
> because "reinstatement and money damages
> could make appellees whole for any
> loss suffered during this period, their injury
> [ wa]s plainly reparable "). … Finally,
> we note that *Savage* and *American Postal*
> are distinguishable because they involved
> retaliation claims brought by government
> employees; we apply "a particularly stringent
> standard for irreparable injury in government
> personnel cases." *American Postal,* 766 F.2d at 721.
> [emphasis added]

In the case at bar, *Savage* does not apply, because on the law, the First Amendment is not involved, and on the facts, this case does not involve an employment discharge situation.

This Court previously distinguished *Savage* on its narrow facts. *Hennessy v. City of Long Beach,* 258 F.Supp.2d 200, 205 (E.D.N.Y. 2003)(Spatt, J.)

> Relying on *Savage v. Gorski,* 850 F. 2d 64 (
> 2d Cir. 1988), the defendants argue that the First
> Amendment claim is barred because the plaintiff
> did not comply with the procedures for seeking a
> seasonal leave or for retaining his lifeguard job.

11

*Savage* involves county employees who alleged that the county executive discharged them due to their political affiliation in violation of the First Amendment. *Id.* at 65. There, the Second Circuit noted that the employees apparently did not comply with the procedures for seeking or retaining their jobs and this fact alone suggested their constitutional claim was foreclosed. *Id.* at 68. In the Court's view, *Savage* is not applicable to this factual situation. First, *Savage* does not involve a Rule 12(b)(6) motion. Rather, it involves a motion for a preliminary injunction where the district court is required to make findings of fact. *Id.* at 65. The instant complaint must only give fair notice of the claim and the grounds upon which it rests. Second, the complaint here does not allege that the plaintiff did not comply with the procedures for seeking a seasonal leave or retaining his lifeguard job. Rather, it alleges that the plaintiff requested a seasonal leave in 2001 and advised the defendants in 2002 that he was prepared to return to work in the spring 2002. As such, the defendants' reliance on *Savage* is misplaced.

Relying again on *Savage,* the defendants next argue that the First Amendment claim is barred because the plaintiff did not offer proof that the defendants were aware of his political affiliation. At this stage of the litigation, the complaint must only give fair notice of the claim and the grounds upon which it rests. As pleaded, it is sufficient in this regard. The defendants next contend that the complaint does not allege why the plaintiff was entitled to time off from his lifeguard job to run for an election. This argument is not relevant to whether the complaint gives fair notice of the First Amendment claim and the grounds upon which it rests. Finally, the defendants argue that the rule of causation mandates dismissal of the First Amendment claim. The rule of causation permits an individual defendant to avoid liability when she proves a legitimate alternative motive for terminating the plaintiff. *See Coogan v. Smyers,* 134 F.3d 479, 485 (2d Cir.1998). The rule of causation is not relevant at this stage of the litigation. As stated above, at this juncture, the complaint must only give fair notice of the First

Amendment claim and the grounds upon which it rests.

Here, the narrow holding of *Savage* does not apply because this is not an employment discharge case, nor is the First Amendment involved. For these reasons, the Report erred in applying *Savage* to this case to support the determination that the actual and continuing threat of constitutional violations did not constitute irreparable harm *per se*.

D. <u>The Report erred in determining that damages are available as a remedy at law, where injunctive relief is sought in the motion against the application of law to Shinnecock Indian Reservation Lands in Count 12.</u>

Injunctive relief is sought against the application of law in Count 12.

> As to Count Twelve (Robert Trotta, Vincent Fredrico, and John Does 1-10)
>
> a. Preliminary and permanent injunctive relief directing an accounting and return of all property seized from plaintiff.
> b. *Preliminary and permanent injunctive relief in favor of plaintiff enjoining application of federal and state law on Shinnecock Indian Reservation lands.*
> c. Disbursements, attorney's fees, and such further and other relief as the Court deems just and proper.

(*See*, Compl., Prayer for Relief, ¶ 12 [emphasis added])

Here, no damages are plead, and only injunctive relief is sought, including that to enjoin application of law on Shinnecock Indian Reservation lands. For these reasons, the Report erred in determining damages are available as relief in Count 12.

**V. OBJECTIONS TO THE REPORTS CONCLUSIONS OF LAW – LIKELIHOOD OF SUCCESS ON THE MERITS**

The Report determined that the Court need not move beyond the first step in the analysis for issuance of a preliminary injunction because plaintiff failed to establish the irreparable harm element. (*See*, Report, p. 8) Plaintiff respectfully objects to this conclusion because plaintiff

submits that monetary damages for seized property are not plead or available, and irreparable harm is established.

## VI. OBJECTIONS TO THE RECOMMENDATION

The Report recommends that the motion be denied. (Report, p. 8) Plaintiff respectfully objects to this recommendation, and requests the Court reject the recommendation and grant the relief requested in the motion.

## VII. CONCLUSION

The thrust of Plaintiff's objections to the Report includes but is not limited to the arguments that the premise that Plaintiff's Motion for Preliminary Injunction was limited to only return of seized property is mistaken because application of law to Shinnecock Indian Reservation on constitutional grounds was also sought to be enjoined. The Report's legal rationale that damages are available to compensate Plaintiff for the seized property erroneously rewrote Plaintiff's specifically pleaded Prayer for Relief, erroneously applied the narrow holding of *Savage v. Gorski*, 850 F.2d 64 (2d Cir. 1988) which is inapplicable to this case, and did not consider that damages are not available under the *Ex Parte Young* exception to Eleventh Amendment sovereign immunity.

For these reasons, Plaintiff respectfully requests the Court to reject all provisions of the Report and Recommendations, and upon *de novo* review, grant the injunctive relief requested in Plaintiff's Motion for Preliminary Injunction.

Dated: New York, New York
      December 7, 2012

Respectfully submitted,

MOORE INTERNATIONAL LAW PLLC.

By: /s/ _____
Scott Michael Moore, Esq. (SM7478)
*Attorneys for Plaintiff, Jonathan K. Smith*
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
T. (212) 332-3474
F. (212) 332-3475
E. smm@milopc.com

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I hereby certify that on the date below, the undersigned served a true copy of the annexed Instrument(s) via electronic service under the ECF system to the following parties or their counsel of record:

>Chris P. Termini, ADA
>Suffolk County District Attorney's Office
>*Attorneys for Defendant Vincent Fredrico*
>
>Diane C. Leonardo-Beckmann, AUSA
>Thomas A. McFarland, AUSA
>United States Attorneys Office
>Eastern District of New York, CI
>*Attorneys for Defendant Robert Defendant*

Dated: New York, New York
December 7, 2012

/s/
_____
Scott Michael Moore, Esq.