UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JONATHAN K. SMITH,

        Plaintiff,                    Civil Action No. 12-CV-4408

    -against-                              (ADS)(ETB)

VINCENT FREDRICO, in his individual and
official capacity as Patrol Officer, Suffolk County
Police Department,
ROBERT TROTTA, in his individual and official
Capacity as Detective, Suffolk County Police
Department and JOHN DOES 1-10.

        Defendants.

---------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE <u>HONORABLE E. THOMAS BOYLE</u>

                                                  LORETTA E. LYNCH
                                                  United States Attorney
                                                  Eastern District of New York
                                                  610 Federal Plaza, 5th Floor
                                                  Central Islip, New York 11722

Diane Leonardo Beckmann
Assistant U.S. Attorney
    (Of Counsel)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.        Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      II.       Plaintiff Failed to Show Irreparable Harm.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                    a.        Plaintiff's Submissions to the Court. . . . . . . . . . . . . . . . . . . . . . . . 3

                    B.        Eleventh Amendment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      III.      Plaintiff's Request That This Court Enjoin
              the Application of Federal and State
              Laws to the Shinnecock Indians Is Without Merit.. . . . . . . . . . . . . . . . . . . . . . . 5

      IV.     Plaintiff Has Not Effectuated Proper Service. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

459 F. Supp. 2d 191 (E.D.N.Y. 2006) ...................................................................... 6

*Aikman v. County of Westchester*, 691 F. Supp. 2d 496 (S.D.N.Y. 2010) ............ 7

*Barratt v. Joie*, No. 96 Civ. 324, 2002 U.S. Dist. LEXIS 3453, 2002 WL
    335014 (S.D.N.Y. Mar. 4, 2002) ...................................................................... 2

*Bernadin v. INS*, No. 01-Misc. 0153, 2002 U.S. Dist. LEXIS 8766 (E.D.N.Y.
    Apr. 22, 2002) .................................................................................................... 8

*Bess v Spitzer*, 459 F. Supp. Ed 191 (E.D.N.Y.) ................................................... 6

*City of New York v. Milhelm Attea & Brothers, Inc.*, 550 F. Supp. 2d 332
    (E.D.N.Y. 2008) .................................................................................................. 7

*CollaGenex Pharmaceuticals, Inc. v. IVAX Corp.*, 375 F. Supp. 2d 120
    (E.D.N.Y. 2005) .................................................................................................. 2

*D.D. v. N.Y. City Board of Education*, 465 F.3d 503 (2d Cir. 2006) .................... 2

*Department of Taxation & Finance v. Milhelm Attea & Brothers, Inc.*, 512
    U.S. 61 (1994) .................................................................................................... 6

*Fairfield Financial Mortg. Group, Inc. v. Luca*, No. 06 Civ. 5962, 2011 U.S.
    Dist. LEXIS 91300, 2011 WL 3625589 (E.D.N.Y. Aug. 16, 2011) ................... 2

*Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60 (2d Cir. 2007) ... 3

*Grassia v. Scully*, 892 F.2d 16 (2d Cir. 1989) ........................................................ 1

*Judd v. FCC*, No. CV-10-0837, 2011 U.S. Dist. LEXIS 71119 (D.D.C. 2011) .... 9

*KM Enterprises v. McDonald*, 2012 U.S. Dist. LEXIS 20469 (E.D.N.Y. Feb.
    16, 2012) ......................................................................................................... 2, 4

*Kurzberg v. Ashcroft*, 619 F.3d 176 (2d Cir. 2010) ............................................... 8

*Leon v. Ashcroft*, No. CV-03-3680, 2003 U.S. Dist. LEXIS 26069 (S.D.N.Y.
    Dec. 11, 2003) .................................................................................................... 9

*Negonsott v Samuels,*   507 U.S. 99, 122 L.Ed.2d 457, 113 S. Ct. 1119 (1993) ................5

*Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48 (E.D.N.Y. 2008)..............................................2

*Pan America World Airways, Inc. v. International Brotherhood of Teamsters*,
 894 F.2d 36 (2d Cir. 1990)...............................................................................2

*Rodriguez by Rodriguez v. DeBuono*, 175 F.3d 227 (2d Cir. 1999) ....................................3

*Scott v. District of Columbia*, 598 F. Supp. 2d 30 (D.D.C. 2009) ......................................9

*Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004) ..........................................4

*United States v. Cally*, No. CV-99-5598, 2000 U.S. Dist. LEXIS 15314 (E.D.N.Y.
 2000) ..........................................................................................................9

*United States v. Lara*, 541 U.S. 193 (2004).......................................................................6

*United States v. Morrison*, 686 F.3d 94 (2d Cir. 2012) .....................................................6

*United States v. Raddatz*, 447 U.S. 667 (1980) ................................................................1

*Washington v Confederated Bands and Tribes of Yakima Nation*, 439 U.S.
 463, 58 L.Ed.2d 740, 99 S.Ct. 740 (1979) .................................................................5

*Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993) ......................................5

## FEDERAL STATUTES

25 U.S.C. § 232................................................................................................................6

28 U.S.C. § 636(b)(1)(C) .................................................................................................1

Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq........................6

Fed. R. Civ. P. 4 (i)(3) ..................................................................................................8, 9

## MISCELLANEOUS

W. Canby, *American Indian Law 2* (3d ed. 1998) ............................................................5

**PRELIMINARY STATEMENT**

Defendant Detective Robert Trotta ("Detective Trotta") submits this memorandum in opposition to Plaintiff Jonathan K. Smith's ("Plaintiff") objections to the Report and Recommendation of the Honorable E. Thomas Boyle ("Plaintiff's Objections"). Plaintiff seeks to have this Court: 1) enter a preliminary injunction and order the return of contraband cigarettes to Plaintiff; 2) enter a default against Detective Trotta; and 3) declare that the state and federal laws are not enforceable against the Shinnecock Indians. See Plaintiff's Objections at p. 2.

The Report and Recommendation issued by Judge Boyle was correct in its determination that Plaintiff failed to show that he would suffer irreparable harm if an injunction was not issued. Further, despite being advised by this Office that Plaintiff has not properly served the United States, Plaintiff has made no efforts to properly effectuate service of the complaint. Thus, in the absence of proper service, a default cannot be entered against Detective Trotta. Finally, the United States Supreme Court, and many other courts, have consistently held that the laws of the United States are applicable to the Shinnecock Indians. Plaintiff's request that this Court enjoin the application of federal and state laws is without merit.

**ARGUMENT**

**I.      Standard of Review**

As this Court previously has stated, the following standard of review is applicable to objections to a Report and Recommendation:

> A court is required to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1)(C); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in Section 636(b)(1) — as opposed to "de novo hearing" — was selected by Congress to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980). Section 636 does not require a court to rehear the contested testimony in order to carry out the statutory command to make the required

determination. Id. at 674, 100 S. Ct. 2406. Rather, in making such a determination, a court may in its discretion review the record and hear oral argument on the matter. See Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990). Furthermore, a court may in its sound discretion afford a degree of deference to the magistrate's Report and Recommendation. In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96 Civ. 324, 2002 U.S. Dist. LEXIS 3453, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Fairfield Financial Mortg. Group, Inc. v. Luca, No. 06 Civ. 5962, 2011 U.S. Dist. LEXIS 91300, 2011 WL 3625589, at *2 (E.D.N.Y. Aug. 16, 2011).

KM Enters. v. McDonald, 2012 U.S. Dist. LEXIS 20469, at *3-*5 (E.D.N.Y. Feb. 16, 2012)(internal quotation marks omitted).

## II. Plaintiff Failed to Show Irreparable Harm

"In general, to secure a preliminary injunction, the moving party must demonstrate: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. A party moving for a mandatory injunction that alters the status quo by commanding a positive act must meet a higher standard, however. That is, in addition to demonstrating irreparable harm, [t]he moving party must make a clear or substantial showing of a likelihood of success on the merits, a standard especially appropriate when a preliminary injunction is sought against government." D.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006)(internal citations and quotations omitted).

Plaintiff's attempt to shift the burden of proof to the defendants is without merit. See Plaintiff's Objections, at p. 3. As outlined above, the burden to "secure a preliminary injunction" is on the moving party and **Plaintiff** failed to meet this burden. CollaGenex Pharms., Inc. v. IVAX Corp., 375 F. Supp. 2d 120, 123 (E.D.N.Y. 2005)("…the burden is always on the movant

2

to make a clear showing of entitlement to such relief.")

The Second Circuit has repeatedly stated that "[i]rreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, and that, accordingly, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66-67 (2d Cir. 2007) (internal citations and quotations omitted).

Plaintiff must show that he would suffer irreparable harm if the preliminary injunction is not granted. "In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." Rodriguez by Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999). Here, Plaintiff failed to address irreparable harm and the Court was not required to address the likelihood of success on the merits.

    a. **Plaintiff's Submissions to the Court**

In support of his motion for a preliminary injunction, Plaintiff filed: 1) a Memorandum of Law dated September 4, 2012 ("Initial Memorandum")(Docket Entry #2); a letter dated October 18, 2012 ("October Letter")(Docket Entry 18); 3) a letter dated November 5, 2012 ("November Letter")(Docket Entry #22); and 4) a Reply Memorandum of Law, dated November 19, 2012 ("Reply Memorandum")(Docket Entry #26). Plaintiff did not address irreparable harm, "the single most important prerequisite for the issuance of a preliminary injunction" in any of the aforementioned filings with the Court.

Plaintiff sought "an accounting and return of all property seized from Plaintiff" with respect to all counts alleged in the Complaint. See Initial Memorandum at pp. 23-26. Plaintiff also sought to enjoin "the application of federal and state law on the Shinnecock Indian Reservation lands" with respect to count 12 as alleged in the Complaint. Id. at p. 26. In

Plaintiff's October Letter and November Letter, he sought the return of the contraband cigarettes because they were "perishable," but did not claim that he would suffer irreparable harm if the property was not returned. See Docket Entries 18 and 22. In Plaintiff's Reply Memorandum, he alleged that the defendants did not present any opposing "facts" and that the "facts" suggest the "possible existence of a broader racial practice of targeting Shinnecock and other Native Americans for seizure of their property." See Reply Memorandum, at p. 3. Again, Plaintiff did not address irreparable harm.

Here, the burden is on the Plaintiff to show that he would suffer irreparable harm if the currency and contraband cigarettes were not returned to him. Plaintiff has failed to meet this burden. Thus the Report and Recommendation was correct in denying Plaintiff's motion for a preliminary injunction.

### b. Eleventh Amendment

Plaintiff claims that the Report and Recommendation erred in its determination that money damages are available because the Eleventh Amendment bars a suit for money damages. See Plaintiff's Objections at p. 9. However, this argument was not raised with the magistrate judge and should be disregarded by the Court. See KM Enters. v. McDonald, 2012 U.S. Dist. LEXIS 20469, at *3-*5. In addition, the Eleventh Amendment is not applicable to the Federal Government. See Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004)(" By its terms, the Eleventh Amendment precludes suits in law or equity, commenced or prosecuted against one of the United States by Citizens of another **State…"**)(emphasis supplied). Plaintiff does not cite any authority to the contrary.

Finally, Plaintiff's contention that he is barred by the Eleventh Amendment from seeking money damages is without merit. See Plaintiff's Objections at pp. 9-10. The Eleventh

Amendment bars suits against the state or state officials in an official capacity, not an individual capacity. See Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state. As to a claim brought against him in his individual capacity, however, the state official has no Eleventh Amendment immunity.")(internal citations omitted).

Accordingly, a suit for monetary damages may proceed against a state official, sued in his individual capacity, subject to limitations such as absolute or qualified immunity. See Id. at 529 ("Nonetheless, when the state official, or any other governmental official, is sued for damages in his individual capacity, he may, depending in part on the nature of the function performed, as discussed in Part II.A. below, be entitled to absolute immunity or qualified immunity. These defenses of absolute immunity and qualified immunity are the official's personal privileges for his official acts.")

Thus, Plaintiff's argument that the Report and Recommendation failed to consider the Eleventh Amendment is without merit.

### III. Plaintiff's Request that this Court Enjoin the Application of Federal and State Laws to the Shinnecock Indians is Without Merit.

Plaintiff's suggestion that this Court enjoin the application of state and federal laws on the reservation is completely contrary to well-established precedent.

The United States Supreme Court has stated that the "Constitution grants Congress broad general powers to legislate in respect to Indian tribes, powers that we have consistently described as plenary and exclusive. E.g., Washington v. Confederated Bands and Tribes of Yakima Nation, 439 U.S. 463, 470-471, 58 L. Ed. 2d 740, 99 S. Ct. 740 (1979); Negonsott v. Samuels, 507 U.S. 99, 103, 122 L. Ed. 2d 457, 113 S. Ct. 1119 (1993); see also W. Canby, American

5

Indian Law 2 (3d ed. 1998)("[T]he independence of the tribes is subject to exceptionally great powers of Congress to regulate and modify the status of the tribes"). United States v. Lara, 541 U.S. 193, 200 (2004)(internal citations omitted). Specifically, the Supreme Court has rejected Native American retailers' suit to enjoin the enforcement of New York State tax laws on the reservations. See Dep't of Taxation & Fin. v. Milhelm Attea & Bros., Inc., 512 U.S. 61, 78 (1994);

Further, the Second Circuit has expressly held that the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq., is applicable to Native Americans selling contraband cigarettes. See United States v. Morrison, 686 F.3d 94, 105 (2d Cir. 2012) ("We reject Morrison's argument and hold that the CCTA, in conjunction with New York Tax Law § 471, justified Morrison's conviction in this case.").

In addition, this Court has previously rejected a challenge by Native Americans to the applicability of New York State Law to the Shinnecock Indians. In Bess v. Spitzer, this Court found that the plaintiff (represented by the same counsel as Plaintiff in the instant matter) was estopped from "re-litigating the issue of whether New York State has jurisdiction to enforce the provisions of the New York State Tax Law and the New York City Administrative Code against him." 459 F. Supp. 2d 191, 200 (E.D.N.Y. 2006).

> This Court further found that:
>
> Congress enacted 25 U.S.C. § 232 in order to confer New York with jurisdiction over crimes committed by Indians on Indian reservations. If that statute and the decisions of the United States Supreme Court permitting states to impose the obligation on tribes to collect sales tax on cigarettes sold to non-tribe members on reservations are to have any meaning, then State law enforcement officials must have the right to enter onto the reservation to execute a valid search warrant and to seize evidence of criminal violations of those valid State laws.

Id. at 200.

Here, Plaintiff's actions in transporting untaxed contraband cigarettes for re-sale was in violation of the CCTA. Courts have repeatedly held that the CCTA is applicable to Native Americans. Plaintiff objected to the characterization of the cigarettes as contraband. See Plaintiff's Objections at p. 4. However, Plaintiff was admittedly in possession of untaxed cigarettes in violation of the CCTA. See Complaint at ¶¶ 26, 27. "Contraband" is defined in the CCTA as cigarettes that "bear no evidence of payment of an applicable tax where the state requires such evidence. 18 U.S.C. § 2341." City of New York v. Milhelm Attea & Bros., Inc., 550 F. Supp. 2d 332, 346-347 (E.D.N.Y. 2008).

Plaintiff's suggestion that this Court hold that state and federal laws are inapplicable to the Shinnecock Indians is contrary to well-established precedent and must be rejected.

## IV. Plaintiff Has Not Effectuated Proper Service.

Plaintiff maintains that he "opposes" the United States' representation that Detective Trotta was a federal task force member at the time of the incident alleged in the complaint. See Plaintiff's Objections, p. 2, n. 1. Plaintiff does not cite any authority in support of his erroneous position that service upon a federal task force member was proper. As part of his opposition to the Report and Recommendation, Plaintiff also requests that a default should be entered. Id. In the absence of proper service, a default cannot be entered.

On September 28, 2012, counsel for Plaintiff was advised that on the date of the incident alleged in the complaint, Detective Trotta was a member of a federal task force with the Federal Bureau of Investigation ("FBI"). See Declaration of Diane C. Leonardo, Exhibit "A," Letter dated September 28, 2012; see also Exhibit "B," Oath of Office dated February 27, 2012. Counsel for Plaintiff was advised that as a member of a federal task force, Detective Trotta was considered a federal employee for the purposes of this action. See Aikman v. County of

Westchester, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010)("[S]tate and local law enforcement officers designated as federal task force members are treated as federal employees for the purposes of any federal tort liability statute…Courts within this Circuit have interpreted [5 U.S.C.] § 3374(c) to extend to civil rights actions, and consequently have treated deputized officers as federal employees for purposes of such actions.").

As a federal employee sued individually for civil rights violations, Fed. R. Civ. P. 4 (i)(3) requires that Detective Trotta be served personally and that the United States also be served. See Kurzberg v. Ashcroft, 619 F.3d 176, 178 (2d Cir. 2010)("To serve the United States, a party must deliver a copy of the complaint to the United States attorney for the district in which the action was brought and also send a copy of the summons and complaint by registered or certified mail to the Attorney General.")

As discussed during the oral argument with Judge Boyle on October 19, 2012, the United States Attorney's Office for the Eastern District of New York ("USAO") was awaiting authorization from the Department of Justice ("DOJ") in Washington, D.C. to represent Detective Trotta. Representation was approved by DOJ on October 24, 2012 and the USAO entered a notice of appearance for Detective Trotta on the same day. See Docket Entry #20.

To date, the United States has not been served. In the absence of proper service, a default cannot be entered. See Bernadin v. INS, No. 01-Misc. 0153, 2002 U.S. Dist. LEXIS 8766, at *8-*9 (E.D.N.Y. Apr. 22, 2002)("Here, [Plaintiff] apparently never sent copies of the complaint to either the U.S. Attorney or the Attorney General. Furthermore, no summons was issued by the Clerk of the Court; accordingly, [Plaintiff] could not have served copies of a summons on the U.S. Attorney, the Attorney General, or the INS. In

8

light of these facts, there is no personal jurisdiction over the INS."); see also Leon v. Ashcroft, No. CV-03-3680, 2003 U.S. Dist. LEXIS 26069, at * 2 (S.D.N.Y. Dec. 11, 2003)("There is no suggestion that plaintiff ever served the United States. In consequence, the Court never acquired personal jurisdiction over the defendants."); see also United States v. Cally, No. CV-99-5598, 2000 U.S. Dist. Lexis 15314, at * 4 (E.D.N.Y. 2000) ("However, if service upon a defendant was improper, the court lacks personal jurisdiction over that defendant, and a default judgment entered against him must be vacated.")

In the absence of proper service, the Court does not have jurisdiction over Defendant and a default cannot be entered. See Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009)("A default cannot be entered where there was insufficient service of process."). See also Judd v. FCC, No. CV-10-0837, 2011 U.S. Dist. LEXIS 71119, at *11-*12 (D.D.C. 2011) ("Accordingly, because [Plaintiff] failed to effect proper service on either the FCC or the FEC, their obligation to plead or otherwise respond ha[s] actually not arisen. The Court therefore will deny [Plaintiff's] motion for default judgment and will grant the FCC's and the FEC's motions to set aside the default.")(internal quotation marks and citations omitted).

Here, the complaint has not been served in compliance with Fed. R. Civ. P. 4(i)(3) and therefore, a default may not be entered.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation should be adopted and the Plaintiff's request for a preliminary injunction must be denied.

Dated: Central Islip, New York
      December 20, 2012

                         Respectfully submitted,
                         LORETTA E. LYNCH
                         UNITED STATES ATTORNEY
                         610 Federal Plaza, 5th Floor
                         Central Islip, New York 11722
            BY:    /s/Diane C. Leonardo
                         Diane C. Leonardo (DCL 3276)
                         Assistant U.S. Attorney

`