```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
```

|                          |   |                              |
|--------------------------|---|------------------------------|
| Jonathan Smith,          | . | Docket #CV-12-4408 (ADS)     |
|                          | . |                              |
|    Plaintiff, | . |                              |
|                          | . | United States Courthouse     |
|       V. | . | Central Islip, New York |
|                          | . | January 16, 2013             |
| Vincent Fredrico,        | . | 10:05 p.m.                   |
|                          | . |                              |
|    Defendant. | . |                              |

.................................................................

```
                 TRANSCRIPT OF STATUS CONFERENCE
              BEFORE THE HONORABLE E. THOMAS BOYLE
                 UNITED STATES MAGISTRATE JUDGE
```

**APPEARANCES:**

| | |
|---|---|
| For The Plaintiff: | Scott M. Moore, Esq. |
| | Moore International Law Office |
| | 45 Rockefeller Plaza-Ste. 2000 |
| | New York, NY 10111 |
| | |
| For The Defendant: | Chris P. Termini, Esq. |
| | Assistant County Attorney |
| | Office of the Suffolk |
| | County Attorney |
| | H. Lee Dennison Building |
| | P.O. Box 6100 |
| | 100 Veterans Memorial Highway |
| | Hauppauge, NY 11788 |
| | |
| For Robert Trotta: | Diane Leonardo-Beckmann, Esq. |
| | United States Attorney's Office |
| | Eastern District of New York |
| | 601 Federal Plaza |
| | Central Islip, NY 11722 |

**Audio Operator:**

**Transcribing Firm:**          Writer's Cramp, Inc.
                                6 Norton Rd.
                                Monmouth Jct., NJ 08852
                                732-329-0191

**Proceedings recorded by electronic sound recording, transcript produced by transcription service.**

```
 1      (Proceeding in progress)
 2              MR. MOORE:  For the Plaintiff, Scott M. Moore --
 3              THE CLERK:  Check your -- is your mic on?  Can you
 4      turn your microphone on?
 5              THE COURT:  Yes, at the base of it, there should be
 6      a green light if it's on.
 7              MR. MOORE:  The green light is on now.
 8              THE COURT:  Good.
 9              THE CLERK:  Okay.  Just state your appearance.
10              MR. MOORE:  Thank you.  For the Plaintiff, Scott M.
11      Moore, Moore International Law PLLC, 45 Rockefeller Plaza,
12      Suite 2000, New York, New York 10111.  Good day, Your Honor.
13              THE COURT:  Yes.  Good morning.
14              MR. TERMINI:  For Defendant, Fredrico, Assistant
15      Suffolk County Attorney, Chris Termini, Office of the Suffolk
16      County Attorney, H. Lee Dennison Building, Hauppauge, New
17      York.  Good morning, Your Honor.
18              THE COURT:  Good morning.  I put this on for an
19      initial conference.  I'm aware of the Notice of Appeal -- oh,
20      excuse me. Ms. --
21              MS. LEONARDO-BECKMANN:  That's okay.
22              THE COURT:  Ms. --
23              MS. LEONARDO-BECKMANN:  For --
24              THE COURT:  -- Leonardo -- Trotta.
25              MS. LEONARDO-BECKMANN:  Yes, for Detective Trotta,
```

```
 1   Your Honor.  Diane Leonardo, Assistant United States Attorney.
 2              THE COURT:  Good.  As I was saying, I saw the Notice
 3   of Appeal on the 14th, but I don't think it affects anything
 4   here.  The general rule of thumb is if the issues on appeal in
 5   any way affect the issues before the District Court, then we
 6   wait.  Do you see any reason for waiting, as far as your
 7   appeal?  I mean the discovery goes forward regardless of
 8   whether you get a Preliminary Injunction or not.
 9              MR. MOORE:  Well, Your Honor, that would require the
10   Plaintiff to be litigating in two forums.  We would request
11   that this initial conference be adjourned until a decision is
12   made in the 2nd Circuit.
13              THE COURT:  What's the difference?  You still have
14   discovery in the case.
15              MR. MOORE:  Well, as I indicated, we -- that would
16   require us to be litigating in two forums, and with the time
17   and expense on the Plaintiff.
18              THE COURT:  I don't think that's a legal cause to
19   stay a case.  I'll give you an opportunity to make an
20   application under 26(c), but anything the Defendants want to
21   say here?
22              MS. LEONARDO-BECKMANN:  Well, Your Honor, Detective
23   Trotta, you know, as I indicated, is represented by the U.S.
24   Attorney's Office.  We have not been served yet with the
25   complaint in accordance with Rule 4, I think it's (i)(d),
```

1    which requires service upon the United States Attorney's
2    Office and the United States Attorney General, and we've not
3    been served yet.
4            MR. MOORE:  Well, Your Honor, that will be one --
5            THE COURT:  Let's disturb these folks.
6            MR. MOORE:  -- that will be one of the issues
7    litigated on appeal, is to whether Defendant Trotta is
8    considered a Federal Defendant under the Federal Rules and
9    would be required to be served in that fashion.  That's
10   another reason to stay the matter in this Court, pending the
11   appeal outcome.
12           THE COURT:  Why don't you serve them?
13           MR. MOORE:  Well, our position is Defendant Trotta
14   is not a Federal Defendant, and it would seem to undercut our
15   position if we were to follow the advice of Defense Counsel
16   and serve in accordance with a rule that we don't believe
17   applies.  That -- all sorts of laws are triggered by such a
18   status and we oppose that status and we would want the 2nd
19   Circuit to review that issue as well as the --
20           THE COURT:  So --
21           MR. MOORE:  -- denial of the Preliminary Injunction.
22           THE COURT:  Well, if you want to make Application
23   for a Stay and -- or perhaps it would be appropriate to carve
24   out Detective Trotta at this time, since Detective Trotta
25   hasn't been served?

```
 1              MR. TERMINI:  In terms of the case itself, Judge, I
 2   don't believe that really is possible.
 3              THE COURT:  Really?
 4              MR. TERMINI:  It's just -- he's too entwined in the
 5   factual elements of what took place in the case to just
 6   exclude him and somehow proceed with the rest of it, and then
 7   pick him up at a later date or whatever.  There's documents
 8   involved.  There's a lot of stuff that's involved.
 9              THE COURT:  Is the County involved?
10              MR. TERMINI:  Well --
11              THE COURT:  In the complaint?
12              MR. TERMINI:  -- it's our position, we assisted a
13   federal operation --
14              THE COURT:  Okay.
15              MR. TERMINI:  -- and that's why Fredrico was named
16   because he was on the seat as part of an assigned assist.  And
17   so we really believe we're secondary and I think that the
18   least viable portion of the case is to try to, you know,
19   departmentalize what happened.  That, to me, doesn't make any
20   sense.  I mean if the Plaintiff doesn't want to go anywhere
21   with this, and he wants to put all of his eggs at this point
22   in the 2nd Circuit, so be it.  That's the way I feel.  You
23   know, I'm not telling him how to proceed in any way, shape, or
24   form, but I would tell the Court it doesn't make much sense to
25   somehow, you know, segregate the Defendants and try to somehow
```

```
 1  piecemeal proceed.  In the long run, it gets nowhere to do
 2  that, Judge.
 3            THE COURT:  So you want a stay also?
 4            MR. TERMINI:  Well, I'll do anything -- I haven't
 5  had a Plaintiff come in here and essentially ask --
 6            THE COURT:  Usually --
 7            MR. TERMINI:  -- for a stay.
 8            THE COURT:  -- Plaintiffs don't want stays --
 9            MR. TERMINI:  That's --
10            THE COURT:  -- I'm very, very surprised --
11            MR. TERMINI:  I find it unusual.
12            THE COURT:  -- Mr. Moore that you want a stay in
13  this case.  You've got nonparty discovery that you can do with
14  regard to Detective Trotta.  I mean, you don't have to be a
15  party in order to do discovery, as a matter of fact.
16            MR. MOORE:  Well, Your Honor, if my adversaries
17  would, as they seem to be, stipulating to a stay here that --
18  and seeking, perhaps, an expedited review in the 2nd Circuit
19  on the matter, that would perhaps help move things along
20  there.
21            THE COURT:  I don't see -- you want to articulate
22  that?  I don't -- that seems to be your conclusion.  I don't
23  understand that.  To me, the way you move a case along and
24  expedite it is you set a discovery schedule.  It'll probably
25  be a year before you get a decision on your appeal.  Aren't
```

```
 1   you concerned about that?
 2              MR. MOORE:  Yes, of course, but this is the position
 3   we're in, Your Honor, the --
 4              THE COURT:  But it's not going to affect discovery.
 5   Assuming that you were granted the Preliminary Injunction, you
 6   still have to prove your case.  You'd still want to do
 7   discovery, unless you want to waive discovery.
 8              MR. MOORE:  I understand that, Your Honor.  The
 9   issue remains of Defendant Trotta's status as to whether or
10   not he's a Federal Defendant, and right now, he's not served
11   as a Federal Defendant, although there's -- he's being
12   represented in the forum.  There's also the risk if we move
13   forward in discovery without him as a party, there could be
14   possibly duplicative requirements down the road if he is found
15   to be a party and not a Federal Defendant.  There's a thorny
16   issue of his status, which we would -- it seems to have that
17   clarified by the 2nd Circuit would be a prudent way to move
18   forward in the case.
19              THE COURT:  But his status isn't really affected by
20   discovery if you can take non-party discovery, which you
21   clearly can.
22              MR. MOORE:  That's true, but there's his status
23   under the rules, and to what -- the type and manner of the
24   discovery, we just have a concern about moving forward with
25   him as a non-partied --
```

```
 1              THE COURT:  What do you see as the discovery issues
 2   in this case?  Do you need discovery?  Let's start with that
 3   basic fundamental.
 4              MR. MOORE:  Yes, yes.
 5              THE COURT:  What are you looking for?
 6              MR. MOORE:  I anticipate, first, information
 7   pertaining to whether the client, the Plaintiff, and other
 8   Shinnecock Indians are being targeted because of their racial
 9   status as members of the Shinnecock Indian Nation.  And that
10   is going to be requiring --
11              THE COURT:  So what do you need?
12              MR. MOORE:  I anticipate we would be needing
13   internal memoranda, notes, communications pertaining to the
14   racial status of the client and whether --
15              THE COURT:  You don't really expect there to be a
16   memo out there with regard to, "Oh, let's discriminate against
17   the Shinnecocks?"
18              MR. MOORE:  Whether there's a smoking gun --
19              THE COURT:  What is the specific discovery that
20   you're looking for?  It seems to me you're raising nothing but
21   academic legal issues.  Is that what this case is all about?
22              MR. MOORE:  No, Your Honor.
23              THE COURT:  Are there factual disputes?  What are
24   the factual disputes?
25              MR. MOORE:  We need information that would show --
```

```
 1    the conclusion that I'm putting forth to the Court --
 2    information about the targeting of the client because of his
 3    race, and whether the --
 4              THE COURT:  So you want any memos in connection with
 5    this incident --
 6              MR. MOORE:  Yes.
 7              THE COURT:  -- or any other incident that may give
 8    rise to that?
 9              MR. MOORE:  Yes.
10              THE COURT:  I mean, they're going to limitations --
11              MR. MOORE:  Yes.
12              THE COURT:  It's basically going to be limited,
13    probably, to this incident.
14              MR. MOORE:  Yes.  Limited at first, anyway, as to
15    this particular incident, and to where and what -- by what
16    means the evidence was logged.  Because as the information is
17    indicated in the complaint, there was a fictitious control
18    number assigned to the seizure and the property just
19    disappeared into a black hole.  There is no valid receipt
20    that's been issued.  There was no communication with the
21    client about any legal proceedings as to why it was taken or
22    how it could be received back.  So we need documentation that
23    shows the truth as to why the property was taken, by what
24    means.
25              THE COURT:  How much time do you think you need for
```

```
 1   discovery in this case?
 2           MR. MOORE:  I think six months.
 3           THE COURT:  I think you have to take into
 4   consideration that the Shinnecocks are the only ones who are
 5   really dealing in cigarettes, do you not?
 6           MR. MOORE:  Well --
 7           THE COURT:  Did it ever occur to you that maybe that
 8   had something to do with why they're targeted?
 9           MR. MOORE:  Well, there's Indian nations within the
10   state of -- located within the territorial boundaries of the
11   State of New York.  There are many Indian nations engaging in
12   sales of cigarettes and other properties and this is not an
13   isolated incident, we believe, that there is a pattern of
14   police seizing Indian property, whether it's cigarettes or
15   other items, and there's no legal proceedings initiated.  It
16   just disappears.  And there is a -- and where it goes, why
17   it's taken, those are mysteries that this is just one incident
18   that we believe is part of a larger statewide matter that's
19   between the State of New York and Indian nations and the
20   sovereignty conflicts, and it appears to us that there's --
21   this is one incident as part of a pattern of just seizing
22   Indian property and it disappears.
23           THE COURT:  All right.  At the request of the
24   Plaintiff and the lack of any opposition by the Defendant --
25   the Defendant is Fredrico, hm?
```

1       MR. TERMINI:  Yes, Sir.

2       THE COURT:  All discovery is stayed pending the

3  outcome of the Plaintiff's appeal.  Preliminary injunctive

4  relief.

5     (Pause in proceedings)

6       THE COURT:  This should not be taken as any

7  indication of the showing of good cause required under Rule

8  26(c).  Let me give you a status conference date.  September

9  25th at 1:30 p.m.  We could do that by phone.  Okay, any other

10  issues that anybody would like to raise?

11       MS. LEONARDO-BECKMANN:  No, Your Honor.

12       MR. TERMINI:  No, Your Honor.

13       MR. MOORE:  No, Your Honor.  We assume that the

14  Defendants are aware of their responsibilities to preserve

15  evidence for discovery that will be subsequently coming.

16       THE COURT:  Thank you.

17     (Court adjourned)

18

19                     CERTIFICATION
20  I certify that the foregoing is a correct transcript from the
21  electronic sound recording of the proceedings in the above-
22  entitled matter.
23
24
25                                      3/14/13
26
27  _____          _____
28  Signature of Transcriber               Date